GUARANTEE COMPANY OF NORTH AMERICA *v.* WILLIAM
THOMAS PITTS.

GUARANTEE COMPANY. *Application. Suretyship. Contract. Evidence. Receipts of others. Public policy. Principal and agent.*

  A stipulation in an application to a guarantee company to become surety for the applicant's faithful performance of duty as agent for another, that, in consideration thereof, the applicant agrees to protect and indemnify the company from any loss it might sustain in consequence, and would admit the receipts to the company for payments made on his account to his principal, to be conclusive evidence (except for fraud) of the fact and extent of his liability to the company, is reasonable, binding, and not against public policy.

FROM the circuit court of Sunflower county.

HON. FRANK E. LARKIN, Judge.

The guarantee company, appellant, was plaintiff in the court below; Pitts, the appellee, was defendant there. From a verdict, in pursuance of a peremptory instruction, and judgment in the court below in defendant's favor, the plaintiff appealed to the supreme court. The facts are stated in the opinion of the court.

*Baker & Moody*, for appellant.

There can be no question but that the appellant would not have become surety on the bond in question had Pitts refused to sign the application which appellant required him to sign before making his bond for him. For so small a consideration a guaranty company cannot afford to permit suit to be brought against it in all cases, in order that its liabilities might be tested in this way. It would constantly be harrassed by numerous vexatious suits which could not be settled by it although ever so meritorious, simply for the reason that the employe did not admit his liability. It was to avoid litigation of this character

that the guarantee company requires all persons applying to it for bond to make the preliminary agreement or contract which Pitts made in this case.

It is not the question whether or not Pitts is liable on the bond, but the question is whether or not he is liable to the guaranty company upon the preliminary agreement or contract. It is necessary, in arriving at a just conclusion in this case, to consider the application and the agreement therein contained as a separate and distinct instrument from the bond. The application constitutes a contract between Pitts and the guaranty company, and them alone, while the bond is a contract between the express company and Pitts as principal and the surety company as surety. So it cannot be considered as to whether Pitts was legally liable for a default on the bond; that question is irrelevant to the issue. The real question is, has Pitts complied with his agreement in indemnifying the guaranty company from the loss, damage, and expense it has sustained and become liable for, in consequence of said guaranty company being the guarantor, admitting the receipt which it holds from the express company as conclusive evidence against him of such loss, damage or expense?

There is only one exception through which Pitts can escape liability, and that is for fraud, and no claim was made and no evidence offered on the trial of this case, which tended to show fraud on the part of appellant, but, so far as the record shows, appellant has acted in good faith throughout the entire transaction.

There can be no question but that appellee, by the preliminary agreement, made appellant his agent to adjust with the express company any loss which the latter might claim to have sustained by reason of the default or neglect of the appellee, and when this loss had been adjusted by appellant, that the amount which it had paid should be taken and held as conclusive evidence (except for fraud) of appellee's liability to the appellant to the extent of the amount paid in adjusting the loss.

Again, his agreement must be considered as being a part of the consideration for the execution of the bond, and it must be understood that Pitts was fully aware of the purport and provisions of the application when he signed it, and that he intended by this agreement to make the voucher or other proper evidence of the payment conclusive evidence against him of the extent of his liability to the guaranty company.

The agreement is not immoral nor against public policy nor illegal from any cause. While a contract of this nature may enable parties to act harshly in some cases, yet there is nothing harsh in the contract itself. It is simply a wise provision wherein one party delegates to another, who goes on his bond, the power to use its discretion in settling claims and avoiding lawsuits which otherwise would be extremely vexatious and costly to one whose business it is to insure large corporations against the loss or miscarriage or default of its numerous employes. At the same time this character of contracts acts favorably in behalf of those whose bonds it makes, for, if the power to settle and adjust claims of this nature be taken away from the guaranty company, it is unquestionable that such guaranty company would be forced to materially increase the rates which they now charge, in order to meet additional expenses which would be forced upon them by increased litigation.

*S. D. Neill*, for appellee.

The guarantee company, under the bond, was liable to the express company only in such sum as could legally be made out of Pitts by the express company. The guarantee company, prior to the payment by it to the express company of the money now sought to be recovered of appellee, was informed by appellee that he was not liable legally or otherwise to the express company in that or any amount, and requested the guarantee company not to pay same. He could do no more than that.

If the express company had said to the guarantee company, "We will be, or have been, sued for $1,000 on account of alleged negligence on the part of our agent, Pitts, which we can and are going to settle for $500, though Pitts earnestly contends that he has been guilty of no negligence," and the suit or claim was settled over Pitts' protest, will the court say that the guarantee company, being sued on the bond, could be held unto the express company in that or any other sum if it could be shown that Pitts was not liable to the express company according to the terms and conditions of the bond? If not (and the court will so hold), then, will the guarantee company be heard to say to Pitts, We have settled the claim against you held by the express company, over your protest, it is true, and though you are (as Pitts has shown in this case) not liable, under and by virtue of a certain stipulation in your application to us for bond, we tied your hands and silenced your tongue; you, in a court of justice, must stand silent; you will not be allowed to say that you are or were not liable? Certainly not, for Pitts' liability to the guarantee company does not exceed the guarantee company's liability to the express company, and the guarantee company is, or was, only liable to the express company in such sum as Pitts was lawfully responsible for to the express company. It is so stipulated in the bond.

The peremptory instruction for Pitts was properly given and the judgment should be affirmed.

TERRAL, J., delivered the opinion of the court.

The appellee applied to the Guaranty Company of North America to guarantee him in the sum of $500 as an employe of the Southern Express Company, and to obtain the security sought, he answered certain questions, which he declared to be true, and stipulated further as follows: "In consideration of the issue of the bond hereby applied for, I agree to protect and immediately indemnify the said Guaranty Company of North

America against any loss, damage, or expense it may sustain or become liable for in consequence of such guarantee, or any renewal thereof, hereby admitting the voucher or other proper evidence of payment by said company of any such loss, damage, or expense, as conclusive evidence (except for fraud) against me and my estate of the fact and extent of my liability to said company."

The guaranty company having paid several claims of loss made by the Southern Express Company against it in consequence of said insurance of fidelity of said Pitts, brought this suit against Pitts, and producing the requisite vouchers of payment, demanded judgment against him therefor. Pitts denied the justice of the claim of the express company against him and had judgment. From this judgment the guaranty company appeals.

One of the conditions on which the company became guarantor for Pitts is that the voucher or receipt to it for money paid, without fraud—that is, in good faith—for him to the obligee of the bond should be conclusive of the fact of his liability to the obligee for the sum paid. In other words, if the guaranty company should, in good faith, discharge a claim by the obligee for a liability asserted against Pitts, the voucher or receipt for the payment should be proof of the liability of Pitts. There is nothing wrong or unreasonable, or against public policy, in this stipulation. Parties *sui juris* may lawfully make such stipulations, and are bound by them. Under such contract the company was authorized in advance, as a condition of guaranteeing, to exercise discretion as to paying any demand made by the holder of the guaranty, and was bound only to act without fraud in settling a claim, and thus paying is entitled to hold the party guaranteed for reimbursement, and the voucher proves the claim, if not shown to have been infected with fraud. The expense, delay, trouble, and risk of loss to the guaranty company is a sufficient safeguard against an unwarranted payment, and without such a stipulation as complained

of here, guaranty companies could not safely do business any-
thing like as cheaply as they do, and to the evident advantage
of the parties and of the general public. The stipulations of
the bond are not influential in this case, which is determinable
by the stipulations inducing the company to execute the bond.
The suit is not on the bond.

Upon the case made by the record the appellant was entitled
to a judgment, and because he was denied a recovery the judg-
ment is

*Reversed, and a new trial is awarded.*