AMERICAN BONDING CO. OF BALTIMORE v. ALCATRAZ CONST. CO.

(Circuit Court of Appeals, Second Circuit. January 13, 1913.)

No. 76.

1. PRINCIPAL AND SURETY (§ 175*)—RIGHT OF SURETY TO INDEMNITY—CONTRACT.

A principal is bound to indemnify his surety against loss, without any express agreement therefor; and a contracting company, which, on making application to a surety company to furnish the bonds it was required to give to secure performance of its contracts, delivered to the surety company an agreement to indemnify it against loss, cannot avoid liability thereon, because it did not definitely specify what bond it was intended to cover.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 505–509; Dec. Dig. § 175.*]

2. MUNICIPAL CORPORATIONS (§ 368*)—REPAIR OF STREET—DISSOLVED CORPORATION—NOTICE.

Where a paving company, which had given a guaranty to maintain streets in good condition for 10 years and make needed repairs on notice, was dissolved within the 10 years, notice mailed by registered letter to the corporation, and received by some one acting in its behalf, was sufficient to bind it and its surety.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 901; Dec. Dig. § 368.*]

3. PRINCIPAL AND SURETY (§ 175*)—CONTRACT TO INDEMNIFY SURETY—EVIDENCE OF LOSS.

A provision, in an indemnity agreement given by a paving contractor to the surety on its bond to keep the paving in repair for a term of years, that vouchers and other evidences of payments by the surety company should be conclusive between the parties, is reasonable and valid.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 505–509; Dec. Dig. § 175.*]

In Error to the District Court of the United States for the Southern District of New York; James P. Platt, Judge.

Action at law by the American Bonding Company of Baltimore against the Alcatraz Construction Company. Judgment for defendant, and plaintiff brings error. Reversed.

The action was brought by the plaintiff to recover $18,135.65 alleged to have been paid by it as surety for the defendant upon bonds given by the latter to different municipalities to secure the performance of certain contracts containing provisions guaranteeing the condition of, and agreeing to keep in repair, streets. The complaint contained two causes of action. The first was for moneys paid to the city of Detroit, Mich., and the second, for moneys paid to the city of Ft. Wayne, Ind., in settlement of claims against the defendant based upon such contracts.

The trial court excluded the plaintiff's proof as to the first cause of action and directed a verdict for the defendant upon the second cause, and the plaintiff has brought this writ of error. Other material facts are stated in the opinion.

Wilder, Ewen & Patterson, of New York City (J. Ewen, of New York City, of counsel), for plaintiff in error.

Kellogg & Rose, of New York City, for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

NOYES, Circuit Judge (after stating the facts as above).   [1] The trial court excluded the plaintiff's proof as to the first cause of action because it held that the indemnity agreement sued upon was so uncertain as to be invalid.   The agreement was duly dated and executed and was attached to a bond application.   The agreement itself is full and complete except that the amount of the premium to be paid is not filled in.   It refers to the "bond herein applied for."   The application form, however, contains many unfilled blanks and it cannot be said that any particular bond is described. But the application is for bonds.   The subject matter of the contracts which they are to cover relates to "asphalt pavements and guaranteeing the same."   The defendant's place of incorporation is shown and its officers authorized to sign contracts are designated. A statement of the defendant's assets and liabilities also appears and the experience of its management is stated.   All the information necessary to enable the plaintiff to determine intelligently whether to act as surety appears except the amount of the bonds desired.   It seems clear that the application was thus made, indefinite in amount, to cover any bonds which the plaintiff might thereafter write for the defendant.   That it was so accepted by the plaintiff is apparent, for the bond in question was issued about three months after this application and it does not appear that any new one was made.

A principal is bound to indemnify his surety against loss without any express agreement and the indemnity agreement in this case adds little to the common law obligation, except in so far as relates to the establishment of liability.   An agreement of this nature is one which a surety company would naturally expect to receive and which a contracting company would naturally expect to give. Such an agreement requires only general language.   One might well be drawn to cover any bonds which a surety company should give for a contractor.   We think that it was altogether too narrow a ruling to reject the agreement in question as void for uncertainty, and that there was error in excluding the proof offered as to the first cause of action.

[2] A verdict was directed for the defendant upon the second cause of action for the reason, as may be gathered from the contentions made in support of the rulings, that notice to make repairs under the Ft. Wayne contracts was not properly given to the defendant.   But these contracts contained another provision than that expressly requiring notice.   The defendant warranted that the streets should be in good condition at the end of ten years from the date of completion and it is argued that the plaintiff would be liable upon the bonds for breach of this warranty without any notice to repair.   Assuming, however, for present purposes that the agreement to repair was not distinct from the warranty of condition and that notice was necessary, we think there was sufficient proof of such notice to send the case to the jury.   That defendant corporation had been dissolved under the New York statute and there was some difficulty in giving notice.   Due notice was, however, mailed

to the corporation itself and to its former representatives. The no-tice to the corporation was sent by registered mail and a receipt was returned by the post office. There is no denial by any officer or trustee that notice was actually received. Moreover one of the directors who became liquidating trustee was personally informed by the plaintiff concerning the notice. When a contracting com-pany enters into long term contracts and then gets itself dissolved, it should not escape liability because it has made the service of no-tice upon it difficult. Here there was sufficient proof of service to make out a prima facie case, and plaintiff was entitled to go to the jury.

[3] As to another contention of the defendant: The provisions of the agreement to the effect that the vouchers and other evidences of loss should be conclusive upon the question of liability, were reasonable and valid. Such provisions in an indemnity agreement are obviously necessary to give a surety company the right which it should have under certain circumstances to make settlements, and are wholly unlike those executory agreements for arbitration which are some times rejected as ousting courts of their proper ju-risdiction.

There was error in directing a verdict for the defendant upon the second cause of action.

The judgment of the District Court is reversed.