UNITED STATES FIDELITY & GUARANTY CO. *v.* F. L. WHITE.

[63 South. 329.]

1. PRINCIPAL AND SURETY. *Actions by surety. Sufficiency of evidence. Cost. Transcript. Rule 2, supreme court.*
   In a suit by a surety against an employee for money paid the employer on account of the default of the employee, under the facts as shown in the record a peremptory instruction should not have been given for the defendant.

2. COST. *Transcript. Contents. Rule 2 of the supreme court.*
   Under Rule 2 of the supreme court providing that "a transcript shall not contain any part of the case except the pleadings, evidence, instructions, bills of exceptions and the order, judgment, or decree appealed from, unless the appellant shall, by writing, request other matters specified, to be embraced in the transcript, a copy of which request shall be annexed to the transcript," a clerk who incorporates other matter in the record in violation of said rule will not be allowed cost for such transcript.

APPEAL from the circuit court of Neshoba county.
HON. C. L. DOBBS, Judge.

Suit by United States Fidelity & Guaranty Company against F. L. White. From a judgment for defendant, plaintiff appeals.

Plaintiff was surety on the bond of defendant, who was an employee of the Newton Oil Company. The oil company claimed that the defendant had defaulted as its employee and made demand on plaintiff as defendant's bondsman for the amount of the defalcation. Plaintiff paid the amount demanded and, on defendant's failure to reimburse it, sued on the contract.

Plaintiff introduced in evidence the contract between plaintiff and defendant, which is an application for bond, the bond, the sworn itemized account showing defendant's indebtedness to the oil company, and the receipt from

the oil company to plaintiff, in satisfaction of defendant's defalcation. Defendant objected to the introduction of the receipt because the seal of the company (a corporation) is not attached to same. The receipt is in the following language: "Received of the United States Fidelity & Guaranty Company the sum of nine hundred and eighty-nine dollars and seventy cents in full of all claims and demands on account of F. L. White hereunder. Newton Oil & Mfg. Co., by F. M. Hunt, Vice President." The court sustained the objection to the introduction of this receipt and thereupon H. L. Austin, one of the attorneys for the plaintiff, testified as a witness that he was present at the time the receipt was signed and that it was signed after draft had been delivered to the oil company covering the alleged shortage of defendant. This witness testified he was acquainted with Mr. Hunt, the treasurer of the oil company, and recognized his signature. When asked his initials, he said Mr. Hunt's name was W. H. Hunt. After the plaintiff's testimony was in, the defendant moved to suppress the evidence and grant a peremptory instruction for defendant, which motion was sustained by the court.

The application for bond contains the following provision, to wit: "I hereby agree . . . to protect and indemnify the said company against any loss, damage, or expense that it may sustain or become liable for in consequence of such guarantee on my behalf by said company and forthwith, after the said company shall have paid the party or parties entitled to the same any money under or by reason of such guarantee, to repay the said company the amount so paid, and all other losses, costs, damages, and expenses, if any, that it shall have incurred or become liable for in consequence of such guarantee. And I do further agree that the vouchers, or other evidence of payment of such loss paid by said company to the employer under such obligation, together with vouchers or other evidences of payment of all costs and ex-

penses whatever incurred by the said the United States Fidelity & Guaranty Company in adjusting said loss, shall be taken as conclusive evidence against me and my estate of the fact and extent of my liability under said obligations to the said the United States Fidelity & Guaranty Company.''

Plaintiff contends that under the decision in the case of *Guaranty Co.* v. *Pitts,* 78 Miss. 837, 30 South. 758, payment of the alleged shortage has been sufficiently shown, and that it was therefore error for the court to instruct the jury to find for the defendant.

The transcript of record in this case contains the organization of the court and minutes of each day, lists of jurors summoned and drawn; said minutes extending over two terms of the court, the case not being tried at the term next succeeding its filing.

Rule 2 of the supreme court (59 South. vii) contains the following provision, to wit: ''A transcript shall not contain any part of the case except the pleadings, evidence, instructions, bills of exceptions, and the order, judgment, or decree appealed from, unless the appellant shall, by writing, request other matters specified to be embraced in the transcript, a copy of which request shall be annexed to the transcript.''

*Huddleston & Austin,* attorneys for appellant.

*J. R. Byrd,* attorney for appellee.

COOK, J., delivered the opinion of the court.

According to the record, appellant, plaintiff below, proved its case in a rather crude manner, but we think enough was proven to escape a peremptory instruction, and the judgment is therefore reversed and the cause remanded.

The record in the case entirely ignores the rules of this court. Two-thirds of the matter copied into the record is dead wood and imposes upon the losing party a tax

wholly unwarranted and grossly excessive. This is not the first instance that records coming here from this county have been burdened with redundant matter; and it will be ordered that no costs will be allowed to the clerk of the circuit court for this transcript.

*Reversed and remanded.*