Illinois Surety Company, Appellant, vs. Maguire, Respondent.

*February 6—May 1, 1914.*

*Evidence: Sufficiency: Contracts: Validity: Indemnity: Suretyship: Fraud.*

1. Parties to a contract may effectively provide for the kind or quantum of evidence necessary, in the absence of fraud, to conclusively establish a fact.
2. Thus, in a contract to indemnify a guaranty company for all loss sustained by reason of a bond executed by said company guaranteeing fidelity of an employee, a provision that "the vouchers

or other proper evidence showing payment by said guaranty company of any such loss, . . . shall be conclusive evidence (except for fraud) . . . of the fact and amount" of the liability of the indemnitor to said company, was valid and binding.

3. Such contract did not make the indemnitor a surety upon the bond, and a waiver by the guaranty company of requirements in that bond as to notice and proof of loss by the employer did not, in the absence of fraud, release the indemnitor from liability.

4. A loss by the employer, covered by the bond, and payment by the guaranty company being clearly shown, a mere waiver of certain requirements of the bond and the absence of an indorsement by an indorsee of the employer on the check by which payment was made were not sufficient to establish fraud.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

Action upon a contract of indemnity executed and delivered by the defendant to the plaintiff October 30, 1908. The contract reads as follows:

"Know all men by these presents, that I, *Emma L. Maguire,* of Pewaukee, Wisconsin, in consideration of the issue of a bond of guarantee by the *Illinois Surety Company* of Chicago, Illinois, to . . . on behalf of Walter R. Maguire, not yet of age, hereby agree that I will protect and immediately indemnify the said *Illinois Surety Company* against any and all loss, damage, or expense it may sustain or become liable for in consequence of such bond or any renewal or extension thereof, hereby admitting that the vouchers or other proper evidence showing payment by said guaranty company of any such loss, damage, or expense, shall be conclusive evidence (except for fraud) against me and my estate, of the fact and amount of my liability hereunder to said guaranty company. It being understood that, when the above named party reaches mature age, this obligation becomes canceled.

"(Signed)          EMMA L. MAGUIRE."

Defendant admits that she signed the contract in order that her son might secure employment from W. A. Alexander & Company. On November 6, 1908, the plaintiff executed and delivered to W. A. Alexander & Company its bond in

the sum of $500 indemnifying the firm against such pecuniary loss as it might sustain by any act of larceny or embezzlement on the part of Walter R. Maguire while engaged in performance of the duties of a cashier thereof. The bond contained, among other provisions, the following:

"That the employer, on his becoming aware of any act which may be made the basis of any claim hereunder, shall immediately give the company notice thereof by telegraph at the company's expense, and in writing by a registered letter, addressed to the secretary of the company, Chicago, Illinois, and shall, within ninety days after his so becoming aware of such act as aforesaid, file with the company its itemized claim thereunder at his own cost and expense with full particulars thereof duly sworn to; . . . and this bond shall become void both as to any existing or future liabilities thereunder unless the aforesaid notice shall have been given as provided for, and unless claim is filed within the time and manner above specified . . . That no one of the above conditions or provisions contained in this bond shall be deemed to have been waived by, or on behalf of, the company, unless the waiver be in writing, over the signature of an officer of the company."

On or about September 21, 1909, the above bond was duly renewed to cover a period ending October 23, 1910. August 29, 1910, Walter R. Maguire left the office and employ of W. A. Alexander & Company, without the knowledge of his employer, and did not return. On the same date his employer telephoned the plaintiff that Walter R. Maguire had disappeared and that he was short in his accounts in a sum exceeding the amount of his bond, and on August 31, 1910, W. A. Alexander & Company sent a letter, but not by registered mail, to the plaintiff informing it that W. R. Maguire had suddenly disappeared and that an investigation of his accounts indicated a shortage, the exact amount of which had not been ascertained, but that enough had been learned to show that it exceeded the amount of plaintiff's bond by a considerable sum. Later the plaintiff took the matter up

with W. A. Alexander & Company and was advised by it that Maguire's shortage exceeded the amount of his bond; that Messrs. Fetzer and Dickey, partners in the firm of W. A. Alexander & Company, explained to the president of the plaintiff how Maguire had obtained large sums of money from them; that thereupon the plaintiff paid W. A. Alexander & Company, by check, the sum of $500, took a receipt for the payment, and also a written release from all further liability under the bond. The check was indorsed by W. A. Alexander & Company to the order of the Central Trust Company of Illinois. The latter payee does not seem to have indorsed it, but upon the back of the check is a rubber stamp, reading

"Paid through Chicago Clearing House
23
October 6, 1910
To the
Central Trust Company of Illinois."

James S. Hopkins, the acting president of the plaintiff, testified that the check came back to it in the ordinary course from the bank; that it was not delivered back to plaintiff by W. A. Alexander & Company, and that plaintiff actually paid the amount of $500 and never received anything back. W. E. Dickey, of the firm of W. A. Alexander & Company, also testified that plaintiff paid it $500. Defendant introduced no evidence to rebut or controvert any testimony offered on behalf of the plaintiff as to the existence of a shortage or as to the fact of the payment of $500 from plaintiff to W. A. Alexander & Company. The trial court found as a conclusion of law that the plaintiff at the time of giving the check was not legally liable to W. A. Alexander & Company on the bond given to them by the plaintiff for the fidelity of Maguire, and that the giving of the check by the plaintiff to W. A. Alexander & Company, or the receipt and release given by the latter to the plaintiff, did not make defendant liable to the plaintiff on her contract, and that the defendant was entitled

to judgment dismissing the action. From a judgment entered accordingly plaintiff appealed.

For the appellant there was a brief by *Holt & Coombs,* and oral argument by *A. N. Coombs.*

For the respondent there was a brief by *Merton, Newbury & Jacobson,* and oral argument by *Ernst Merton.*

The following opinion was filed February 24, 1914:

VINJE, J. The trial court appears to have reached its conclusion that defendant was not liable because she was entitled to demand that all the requirements necessary to create a liability on the plaintiff's bond to the firm be complied with in order to render her liable; and that since no message by telegraph or registered letter was sent and no itemized claim was filed as required by plaintiff's bond, there was no liability shown on its part, and hence none on her part. Whether or not such conclusion is correct depends upon the meaning of the contract sued upon, and particularly upon that part thereof which reads, "hereby admitting that the vouchers or other proper evidence showing payment by said guaranty company of any such loss, damage, or expense shall be conclusive evidence (except for fraud) against me and my estate of the fact and amount of my liability hereunder to said guaranty company."

Plaintiff showed a *prima facie* case of loss in the amount of $500 resulting from the larceny or embezzlement of Maguire. It showed payment of such loss by a check, by a receipt, and by a release, either of which constituted a "voucher" showing payment within the meaning of the contract. It also showed payment by the oral testimony of a member of the firm of W. A. Alexander & Company. This testimony was "other proper evidence" showing payment by plaintiff within the meaning of the contract. If the provision of the contract referred to is valid, the plaintiff made out a case showing absolute liability on the part of defendant, unless it was impeached for fraud. That parties to a contract may

effectively provide for the kind or quantum of lawful evidence necessary, in the absence of fraud, to conclusively establish a fact, cannot be doubted. *Guarantee Co. v. Pitts,* 78 Miss. 837, 30 South. 758; *American B. Co. v. Alcatraz C. Co.* 202 Fed. 483. But it is argued on the part of the defendant that the plaintiff, by waiving essential provisions in its bond to the firm, released her from liability. This would perhaps be so if she were a mere surety on that bond. Her liability, however, springs from an independent contract, and its provisions, in so far as they are lawful, control. By that contract she agreed that the fact of her liability and the amount thereof should be, except for fraud, conclusively established against her by vouchers or other proper evidence showing payment of loss by the guaranty company. The reason and reasonableness of such a provision are apparent. It is to obviate the necessity of litigating the question of plaintiff's liability on its bond, unless such liability is questioned on the ground of fraud, and to relieve the plaintiff from the necessity of proving every fact essential to show liability in order to make out a *prima facie* case.

The argument that fraud is shown by the evidence because of the waiver of certain requirements in plaintiff's bond, and the lack of indorsement of the check by the Central Trust Company of Illinois, is not tenable. The evidence of a loss by W. A. Alexander & Company and of the payment of $500 by plaintiff is clear and satisfactory and cannot be overcome by such mere alleged suspicious inferences. Fraud must be established by clear and satisfactory evidence. The right of plaintiff, in the absence of fraud, to waive the provisions referred to in its bond with the firm, is one the defendant cannot question under her contract with it, since she agreed that, in the absence of fraud, her liability should attach upon proof of payment of loss by plaintiff. No fraud was shown. It follows that the trial court erred in its conclusion that defendant was not liable.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff.

A motion for a rehearing was denied, with $25 costs, on May 1, 1914.