UNITED STATES FIDELITY & GUARANTY COMPANY v. BAKER.

Opinion delivered November 4, 1918.

INDEMNITY—VALIDITY OF CONTRACT.—A provision in an indemnity bond executed to a guaranty company that the voucher or other proper evidence showing payment by such guaranty company of any loss, damage or expense shall be conclusive evidence, except for fraud, against the indemnitor is valid.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; reversed.

*O. P. McDonald,* for appellant.

1. Inasmuch as this is an action to recover from C. W. Baker on a written obligation signed by him and not denied upon oath, appellant's case was fully made out, and no other proof was necessary. The receipt showed that appellant had paid the $500 and no fraud was alleged or proved. 30 Sou. 758. The shortage was proved and payment by the company. The evidence was sufficient, and the verdict is contrary to the law and evidence. 97 Ark. 442; 89 *Id.* 24, 29.

2. Exhibits 1 and 3 were improperly admitted, and the court erred in admitting Sam Beasley to testify to and read from the commissioner's sale record. It was not the best testimony.

3. It was error to give instruction No. 7. It was prejudicial. The judgment should be reversed and judgment should be entered here. 116 Ark. 423.

*H. L. Pearson,* for appellee.

1. The facts in evidence are abundantly sufficient to show fraud practiced upon the rights of C. W. Baker. This was a question for the jury.

2. The verdict is supported by the testimony and there is no error in the instructions. 97 Ark. 438.

Smith, J. It is claimed by the appellant surety company that Grover Baker was employed as agent of the Illinois Central Railway Company, at Buckner, Illinois, and as such agent defaulted in the sum of $808.73, and that, prior to such defalcation, the appellant surety company had executed its bond to the railway company, conditioned that it would protect the railway company against loss growing out of the wrongful conduct of the said Grover Baker in the sum of $500. In consideration of this obligation to indemnify the railway company, C. W. Baker, an older brother of Grover Baker, living at Elm Springs, Arkansas, executed a bond to the guaranty company, by which he agreed to indemnify it against any loss it might sustain by reason of its bond to the railway company. The surety company paid the sum named in its indemnifying bond, and brought this suit to recover that payment, less the sum of $95.01, which it had collected on account of said alleged shortage. The bond executed by appellee to appellant contained the following stipulation: "I, C. W. Baker, of Elm Springs, Arkansas, hereby agree that I will protect and immediately indemnify the said U. S. F. & G. Company against any and all loss, damage and expense it may sustain or become liable for in consequence of such bond or bonds, and any renewal or extension thereof, hereby admitting that the voucher or other proper evidence showing payment by said guaranty company of any such loss, damage or expense, shall be conclusive evidence (except for fraud) against me and my estate of the fact and amount of my liability hereunder to said guaranty company. (Signed) C. W. Baker."

The answer contained a general denial of all of the allegations of the complaint.

It is undisputed that the surety company paid the railway company the sum of $500 on July 1, 1916, and took its receipt therefor, but the testimony is not free

from conflicts as to what the amount of the shortage really was, this conflict being made to appear in statements as to its amount, made by representatives of the railway company and the surety company.

The deposition of a traveling auditor of the railway company was taken, and he submitted a statement showing the date and amount and nature of each item of the alleged shortage, and this testimony appears to be uncontradicted except by the statements above referred to. It is unquestionably true that there was an increase in the shortage claimed, but it is explained by the auditor that this discrepancy arises out of the failure of the defaulting agent to enter all of his collections on his books.

When the agent disappeared, he left a note addressed to his wife, in which he stated that he owned an interest in some land near Rogers, Arkansas, which he "was willing for the guaranty company to have to cover the loss." The railway company brought suit in Benton County and attached Grover Baker's interest in the land, and, as a result of this suit, the land was sold and the sum of $173.67 remained after paying the costs, and this sum was paid on January 24, 1917, to the railway company for the account of Grover Baker.

In connection with this suit on the part of the railway company, the court gave an instruction numbered 7, which declared the law to be "that, if the plaintiff company had knowledge that the railroad company had brought suit and attached the land and was attempting to collect and did collect that amount of money out of the land, then the plaintiff company would be bound by that fact, and the defendant would be entitled to a credit for his portion of what the land sold for; if you find that plaintiff company had no knowledge and did not acquiesce in the suit brought by the railroad company against Grover Baker's land, then you will find for the plaintiff company in such amount as you may feel warranted from the proof. The question of whether or not plaintiff company had knowledge and information and whether or not it acquiesced in that transaction are questions of fact for

the jury to determine from all the facts and circumstances in evidence before you."

This instruction was erroneous, and should not have been given. According to the contention of the appellant, the shortage of the agent exceeded the payment made by appellant, and the sum recovered in the suit, and the railway company had the right to sue for the excess of the shortage over the amount of the bond, and, if there was such excess, it could make no difference that the surety company knew of the suit by the railway company.

In the case of *Guaranty Company of North America* v. *Pitts,* 30 So. 758, the Supreme Court of Mississippi upheld as valid a contract containing substantially the stipulation set out above in the bond from appellee to appellant, and, in the case of *Illinois Surety Company* v. *McGuire,* 145 N. W. 768, the Supreme Court of Wisconsin held that, "A provision in an indemnity bond that the vouchers and other proper evidence showing loss and payment by the company should be conclusive (except for fraud) of the fact and amount of the indemnitor's liability, was valid."

The Federal Court of Appeals for the Second Circuit, in the case of *American Bonding Company* v. *Alcatraz Construction Co.,* 202 Fed. 483, upheld a similar provision.

The Supreme Court of North Dakota, in the case of *Fidelity & Deposit Co. of Maryland* v. *Nordmarken,* 155 N. W. 669, held that "a stipulation between a guaranty insurance company and the guaranteed employee that a voucher or other evidence of payment by the company to the employer shall be conclusive evidence against the employee as to the fact and extent of his liability to the company, is void, as being against public policy, insofar as it makes such voucher conclusive evidence." But the contract of indemnity in that case contained no exception in the case of fraud, as did the contracts in the three first cited cases and as the instant case does.

We think the stipulation was a lawful one which the parties had the right to make, and the jury should have

been told that the settlement between the surety company and the railway company should be taken as the basis of their verdict, except in so far as, if at all, it had been impeached for fraud.

Of course, the sum recovered by the sale of Grover Baker's land can not be ignored, but the amount of that recovery becomes important in the event only that it, together with other credits, exceeds the shortage.

Judgment reversed, and cause remanded for a new trial.