NATIONAL SURETY COMPANY, Appellant, *v.* FRANK J. FULTON, Respondent.

First Department, July 2, 1920.

Principal and surety — fidelity bond and agreement to indemnify surety against loss thereon — provision making proof of payment by surety conclusive — when such agreement not against public policy.

Where the defendant for whom the plaintiff had issued a fidelity bond insuring the honesty of the defendant in his employment made an agreement to indemnify the plaintiff and save it harmless from all loss or damage it might sustain by reason of the execution of said bond, a provision in the latter agreement that vouchers or other proper evidence of payment of any claim by the plaintiff for loss or damage in connection with such bond shall be conclusive evidence of the fact and the amount of liability, provided such payment shall have been made by the plaintiff in good faith, is not void as against public policy.

The defendant is liable on such agreement where there is proof of good faith on the part of the plaintiff in paying a defalcation of the defendant.

APPEAL by the plaintiff, National Surety Company, from a judgment of the Supreme Court in favor of the defendant,

First Department, July, 1920.          [Vol. 192.

entered in the office of the clerk of the county of New York on the 2d day of February, 1920, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case.

*William R. Page,* for the appellant.

*Edward N. Perkins* of counsel [*James Adikes* with him on the brief; *Rhinelander, Seymour & Barnard,* attorneys], for the respondent.

GREENBAUM, J.:

The plaintiff issued its fidelity bond to the general creditors' committee of the Kentucky Refining Company against any loss it might sustain not exceeding $10,000, " by reason of any act of personal dishonesty, forgery, theft, larceny, embezzlement, wrongful conversion or abstraction " on the part of defendant as an employee of the committee. In consideration of its giving the bond in question and as an inducement therefor, the defendant executed an agreement of indemnity to the plaintiff whereby he agreed that he would indemnify and save harmless the plaintiff from and against any and all loss, damage, fees or expense which it might incur or sustain by reason of the execution and delivery of the said bond or undertaking and to make good and reimburse plaintiff for all sums of money which it might pay or become liable to pay in consequence of such bond or undertaking, and further agreed that the vouchers or other proper evidence showing payment by plaintiff of any claim, demand, loss, damage, fee or expenses in connection with such bond or undertaking should be conclusive evidence of the fact and amount of liability in that respect of defendant to plaintiff, provided that such payment should have been made by plaintiff in good faith, believing it was liable therefor.

The defendant claims that such an agreement is void as against public policy because of the provision " that the vouchers or other proper evidence," etc., " shall be conclusive evidence of the fact and amount of liability." There appears to be no case in this State which has passed upon this precise question. There are, however, eight cases in other jurisdictions

which discuss this form of agreement, four of which hold one way and four another.   In the following cases the " conclusive evidence " clause has been held void: *Fidelity & Casualty Co. v. Eickhoff* (63 Minn. 170, 178); *Fidelity, etc., Co. v. Crays* (76 id. 450, 455); *Fidelity & Deposit Co. of Maryland v. Nordmarken* (32 N. Dak. 19; 155 N. W. Rep. 669); *Guarantee Co. v. Charles* (92 S. C. 282; 75 S. E. Rep. 387).   In the following cases it has been held valid: *Am. Bonding Co. v. Alcatraz, etc., Co.* (202 Fed. Rep. [C. C. A. 1913] 483); *Illinois S. Co. v. Maguire*(157 Wis. 49); *Guarantee Co. v. Pitts* (78 Miss. 837; 30 So. Rep. 758); *U. S. Fid., etc., Co. v. Baker* (206 S. W. Rep. [Ark.] 314).

In *Fidelity & Deposit Co. of Maryland v. Nordmarken* (*supra*) the agreement did not provide for any exception in the case of fraud, which would be a sufficient ground for differentiating that decision from the others.   In *Fidelity & Casualty Co. v. Eickhoff* (*supra*) the case arose on an appeal from an order sustaining a demurrer to the complaint, and the question of the validity of the clause was not involved in the appeal.

The reasoning of the cases in which such " conclusive evidence " provisions were held to be void, seems to be that it is contrary to public policy to permit the bonding party to be the sole judge of the rightfulness of his cause of action and thus oust the courts of their jurisdiction.   On the other hand, in *Guarantee Co. v. Pitts* (*supra*) the court states that " the expense, delay, trouble and risk of loss to the guaranty company is a sufficient safeguard against an unwarranted payment, and without such a stipulation as complained of here, guaranty companies could not safely do business anything like as cheaply as they do, and to the evident advantage of the parties and of the general public."

It should be noted that most of the cases upholding the validity of such a clause do so only where the payment by the indemnity company has been made in good faith, and hold that it would not be valid to protect it against its own fraud.

In the instant case, the agreement contains the phrase: " Provided that such payment shall have been made by the company in good faith, believing it was liable therefor," thus

bringing it within the rule laid down in the group of cases just referred to. On principle, there would seem to be no reason why such agreements should not be enforced in view of the peculiar nature of the obligation assumed by the bonding company. In Frost on Guaranty Insurance (2d ed. p. 737) it is said: " Such stipulations as the one under consideration should be held to be conclusive upon the ' risk ' in an action brought against him by the insurer to recover indemnity, for any moneys paid by it to the insured in settlement of a loss coming within the term of a policy of guaranty insurance, in the absence of fraud or collusion between the insurer and the insured. It is unconscionable, in our opinion, that the insurer, after settling in good faith a loss under the policy with the insured, should be compelled to bear the burden of protracted litigation with the ' risk,' in order to recover reimbursement for moneys so expended for the use and benefit of such ' risk.' "

We think that the reasoning upon which the courts have upheld the validity of such an agreement is sound. The respondent also claims that the evidence does not establish good faith on the part of the plaintiff in making payment under the bond. An analysis of the testimony, however, shows that there is abundant evidence of good faith.

The salient portions of the testimony on that point may be briefly stated. Plaintiff wrote to defendant on December 19, 1916, asking for details and information as to whether there was any liability on the bond issued by plaintiff. On December 27, 1916, plaintiff again wrote to defendant for such details and impressed upon him the necessity for prompt attention to the matter. It does not appear that the defendant made any replies to these letters. On March 1, 1917, plaintiff wrote to defendant referring to the report which had been received from its Chicago office which had investigated the matter, and also the copy of the lease made between defendant and the creditors' committee by reason of the provisions of which the defendant claimed the money which he took from the creditors' committee was used.

The testimony of plaintiff's attorney, who had charge of the investigation of the claim, is replete with instances indicating the information upon which he relied before the plain-

tiff reached the conclusion that it was liable upon its bond. The attorney had the reports of the investigators before him. He also took into consideration the promise made by defendant's attorney, one Furlong, that defendant would settle the claim of the creditors' committee by refunding the amount in dispute. This promise was repeated on a subsequent occasion. The attorney examined the lease already referred to and drew the inference that its provisions did not justify the defendant's appropriation of the money which he had received as trustee for the creditors. Moreover, it appeared that the defendant used the money for speculative purposes. All these circumstances would seem to indicate good faith on the part of the plaintiff. But in any event the plaintiff was entitled to have the question of good faith submitted to the jury.

We think the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.