CARROLL v. NATIONAL SURETY CO.

Court of Appeals of District of Columbia.

Submitted January 6, 1928. Decided February 6, 1928.

No. 4601.

1. Indemnity ⬤➡3—Third party indemnitor cannot, in action by surety to recover amount paid on compromise deny validity of contract.

Third party indemnitor, in action by surety to recover amount paid as damages on compromise, is not entitled to deny validity of contract.

2. Principal and surety ⬤➡46—Surety cannot, after breach of contract, performance of which it guarantees, raise question of validity.

Where party without constraint or deception executes a bond guaranteeing performance of a contract by his principal, and thereby secures benefits intended by it for principal, and a breach occurs, it is then too late to raise question of validity of principal's contract.

3. Indemnity ⬤➡10—Surety need not notify third party indemnitor of action for damages before compromise.

Surety, guaranteeing performance of contract, was not obliged to notify third party indemnitor of institution of action for damages brought against it under contract before compromising the same.

4. Indemnity ⬤➡9(1)—Third party indemnitor's notice to surety of defense did not deprive surety of right to compromise, in absence of deposit of collateral.

Where third party indemnity agreement authorized surety to compromise, unless third party indemnitor served notice relative to defense and deposited collateral for payment of any judgment, a notice without such deposit of collateral did not deprive surety of right to compromise.

5. Indemnity ⬤➡15(3)—Provision in third party indemnity agreement as to itemized statement of compromise payment being prima facie evidence thereof, did not require filing affidavit before suit.

Provision in third party indemnity agreement of effect that, in case of payment of compromise sum by surety, an itemized statement thereof should be prima facie evidence of fact

and extent of indemnitor's liability, did not require surety to file such an affidavit with third party indemnitor before bringing suit for amount paid on compromise.

**6. Contracts ⬩127(3)—Indemnity ⬩4— Provision authorizing compromise, and that itemized statement was prima facie evidence of liability, did not vitiate indemnity contract.**

Provision of third party indemnity agreement authorizing itemized statement as prima facie evidence of indemnitor's liability on compromise agreement, and provision permitting surety to compromise claim, *held* not unreasonable, nor against public policy, and did not vitiate indemnity contract.

Appeal from the Supreme Court of the District of Columbia.

Action by the National Surety Company against Harry C. Carroll. Judgment for plaintiff, and defendant appeals. Affirmed.

Milton Strasburger, of Washington, D. C., for appellant.

F. De C. Faust and C. F Wilson, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. Carroll appeals from a judgment rendered against him as surety upon an indemnifying bond.

The National Surety Company, as plaintiff below, declared that on June 30, 1920, a company known as A. Taylor & Co., Inc., entered into a written contract with the United States, agreeing to collect and bale the waste paper accumulating in certain public buildings, and to remove and pay for the same at the rate of $1.622 per 100 pounds, and that plaintiff concurrently executed a bond in the sum of $6,000, as surety for the contracting company, conditioned that the latter should fully and faithfully perform the terms of the contract; that, in order to induce the plaintiff to become surety upon the bond, the defendant, Harry C. Carroll, together with one A. Taylor and one Edward Clark, executed and delivered to plaintiff their joint and several bond, called a third party indemnity agreement, conditioned to indemnify plaintiff from and against all liability for loss, cost, and damage of whatever kind, which plaintiff might sustain by reason of its suretyship upon the bond of the contracting company, or in defending any action brought in connection therewith, or in obtaining or attempting to obtain release from any liability thereunder. The plaintiff averred that the contracting company failed to perform the waste paper contract

according to its terms and effect, and thereby became liable to the United States for damages in a sum exceeding $4,000, but refused to pay the same, or any part thereof, whereby the plaintiff, as surety, became liable to the United States for such damages; that thereupon the United States instituted an action at law against the contracting company and the plaintiff as surety upon its bond, demanding damages in the sum of $5,272.47, because of the breach of contract aforesaid; that the plaintiff, having no defense to the action, and being liable for the damages aforesaid, was obliged to pay and did pay to the United States the sum of $4,000 as a compromise sum in settlement of the damages aforesaid, such sum appearing to it to be not more than the amount of damages sustained by the United States, and being a sum less than the United States would have recovered had plaintiff defended the action and suffered a judgment to be recovered against it; that this sum was paid for the purpose of settling the demand in suit and procuring the discontinuance of the action, and the same was a loss, cost, and damage sustained by plaintiff by reason of its suretyship aforesaid; that no part of the sum thus paid by it had been repaid. Wherefore plaintiff prayed judgment.

A copy of the "third party indemnity agreement" sued upon herein is annexed to the declaration and marked Exhibit B. It contains the following provisions, to wit:

"(4) That the surety or sureties executing any such bond or bonds shall have the right, and such surety or sureties are hereby authorized, but not required, ⁕ ⁕ ⁕

"(f) To adjust, settle, or compromise any claim, demand, suit or judgment upon any such bond or bonds, unless the indemnitors shall request such surety or sureties to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall, simultaneously with such request, deposit with such surety or sureties collateral satisfactory to it or them, sufficient to pay any judgment or judgments rendered, or that may be rendered, with interest, costs, expenses, and attorney's fees. ⁕ ⁕ ⁕

"(6) That liability hereunder shall extend to and include the full amount of any and all money paid by the surety or sureties executing any such bond or bonds in settlement or compromise of any claims, suits, and judgments thereunder in good faith under the belief that it or they were liable therefor, whether liable or not, as well as of any and all disbursements on account of costs, attorney's fees, and expenses as aforesaid, which

may be made under the belief that such were necessary, whether necessary or not.

"(7) That in the event of payment, settlement, or compromise of liability, loss, costs, damages, attorney's fees, expenses, claims, demands, suits, and judgments as aforesaid, in connection with any such bond or bonds, an itemized statement thereof, sworn to by an officer or officers of the surety or sureties making such payment, settlement, or compromise, or the voucher, or vouchers, or other evidence of such payment, settlement or compromise, shall be prima facie evidence of the fact and extent of the liability of the indemnitors in any and all claims or suits hereunder."

The defendant, Carroll, filed an amended plea to the declaration. He admitted the execution of the alleged contract relating to the waste paper, but averred that it was not authorized by law, nor lawfully executed, and that it was null and void. He denied that A. Taylor & Co., Inc., had become liable to the United States thereunder in any sum whatever, for damages or otherwise. He admitted that the United States had filed a suit against plaintiff, but denied that plaintiff had no defense thereto, and alleged that plaintiff had a complete defense. He denied that the United States would have recovered any sum from plaintiff, or that plaintiff would have been compelled to pay any sum whatever upon the bond, had plaintiff defended the action, and alleged that defendant had notified plaintiff of matters constituting a defense, and that defendant held himself ready to furnish competent evidence to maintain it. He averred that plaintiff had voluntarily made the alleged payment to the United States without his knowledge or consent, and without any notice to him, and that plaintiff did not notify him to defend the suit, and did not afford him an opportunity to defend the same, and did not notify him of the pendency of the action brought against plaintiff by the United States. Defendant averred that no itemized statement of the alleged payment by plaintiff had ever been served upon him as required by paragraph 7 of the indemnity agreement. The defendant, however, did not deny that plaintiff had made the payment of $4,000 in compromise of the government's action, nor did he make any charge of fraud against plaintiff.

The plaintiff moved for judgment upon the pleadings, and the court sustained the motion, and entered judgment in the sum of $4,500 against defendant. This appeal was then taken.

[1, 2] The defendant is not entitled in this case to deny the validity of the waste paper contract, nor would the plaintiff have been entitled to do so in the action brought against it by the government. Where a surety, without constraint or deception, executes a bond guaranteeing the performance of a contract by his principal, and thereby secures the benefits intended by it for the principal, and a breach occurs, it is then too late to raise the question of the validity of the principal's contract. "The parties are estopped from availing themselves of such a defense." United States v. Hodson, 10 Wall. 409, 19 L. Ed. 937. The estoppel against a third party indemnitor in such case is even clearer, for it is his assurance which induces the surety to become liable upon the principal's bond.' Daniels v. Tearney, 102 U. S. 416, 26 L. Ed. 187; George v. Tate, 102 U. S. 571, 26 L. Ed. 232; United States to Use of Hines v. Morse, 218 U. S. 493, 31 S. Ct. 37, 54 L. Ed. 1123, 21 Ann. Cas. 782; Bigelow on Estoppel (6th Ed.) 406.

[3, 4] The plaintiff was not obliged to notify defendant of the institution of the action for damages brought against it by the Government, before compromising the same. It appears, however, from defendant's answer, that he actually knew that the suit had been begun, and that it was pending against plaintiff, for he alleges that he notified plaintiff of the defense which he claimed to have against the government's action, and that he "held himself ready to furnish competent evidence maintaining said defense." This latter notice, however, did not deprive plaintiff of the right to compromise the case, for under paragraph 4 (f) of the indemnifying contract plaintiff was authorized to make such a compromise, unless defendant at the time of the notice deposited with plaintiff satisfactory collateral for the payment of any judgment which might otherwise be entered against it. No such deposit was made or tendered in this case.

[5, 6] The provision in the indemnifying contract to the effect that, in case of the payment of a compromise sum by the surety company in settlement of alleged liability upon the bond, an itemized statement thereof, verified by the company's officers, should be prima facie evidence of the fact and extent of the indemnitor's liability, did not require the company to file such an affidavit with defendant before beginning suit. It may be noted, also, that such a contract provision, and also that permitting the surety to compromise such a claim, are not unreasonable, nor against public policy, and do not vitiate the indemnity contract. American Bonding Co. v. Alcatraz Construction Co.

(C. C. A.) 202 F. 483; Guarantee Co. v. Pitts, 78 Miss. 837, 30 So. 758; U. S. Fidelity & Guaranty Co. v. Baker, 136 Ark. 227, 206 S. W. 314; Illinois Surety Co. v. Maguire, 157 Wis. 49, 145 N. W. 768; National Surety Co. v. Fulton, 192 App. Div. 645, 183 N. Y. S. 237.

Other questions are raised by appellant, but upon a review of the record we find no error in the judgment appealed from. It is therefore affirmed, with costs.