AMERICAN SURETY CO. OF NEW YORK
v. INMON.

No. 13311.

United States Court of Appeals
Fifth Circuit.

March 28, 1951.

Robert Burns, Milton H. Mitchell, Jackson, Miss., C. R. Bolton, Tupelo, Miss., for appellant.

Guy Mitchell, Sr., W. A. Blair, Tupelo, Miss., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

Brought upon a written agreement of indemnity[1] executed by defendant in connection with, and in consideration of, plaintiff's execution as surety of defendant's bond as sheriff, the suit was to recover sums paid by plaintiff in settlement of a suit, brought against plaintiff and defendant on the sheriff's bond, for death damages.

The claim was that the suit had been settled in exact accordance with the provisions of the indemnity agreement, that it was an excellent settlement of a hard and difficult case, and that plaintiff was entitled to be indemnified as prayed.

For answer, defendant pleaded: that the payments were voluntary and made over his protest; that plaintiff had no right to make the settlement and look to him for indemnity; that the action was barred by the statutes of limitation; and that the judgment dismissing the suit on the bond, as part of the settlement, was a final determination that he was not liable and was a bar to this suit.

Plaintiff's testimony concluded, there was a motion by defendant for a directed verdict on these grounds: (1) The liability of the sheriff was not first fixed before payment was made by plaintiff; (2) The dismissal of the suit against the sheriff and his surety with prejudice was an adjudication binding on plaintiff that the defendant was not liable in the suit; and (3) The settlement of the damage suit without defendant's consent released defendant and estopped plaintiff from recovering on the indemnity agreement.

The district judge was of the opinion that the case was controlled by Sec. 4234[2] of the Mississippi Code of 1942, as construed and applied in State ex rel. Weems v. U. S. Fidelity & Guaranty Co., 157 Miss. 740, 128 So. 503, and that that statute in effect nullified the contract of indemnity

1. "In Consideration of the American Surety Company of New York acting as surety on the bond herein applied for. * * * The undersigned further agrees for himself, his heirs, executors, administrators and assigns to indemnify and keep indemnified the Surety from and against any liability, loss, costs, charges, suits, damages, counsel fees and expenses of whatever nature, which the Surety shall or may for any cause, at any time, sustain or be put to in consequence of the Surety having executed said bond, or any renewal, continuation, extension or modification thereof; and that the Surety Company shall have the right to pay or compromise any expense, claim or charge, of the character enumerated in this agreement, and the voucher or other evidence of such payment shall be *prima facie* evidence of the propriety thereof and of my liability therefor to the Surety Company. * * * "

2. "§ 4234. Remedy on joint and several—officer's liability first fixed.—The remedy upon sheriff's bond shall be joint and several against all or any one or more of the obligors; but in all suits thereon against the surety or sureties, the liability of the sheriff shall be first fixed, except when the sheriff is a party to the suit, has died or removed or is not found."

786

and prevented the plaintiff from recovering on it. He sustained the motion for a directed verdict and entered judgment on the verdict for defendant.

Appellant is here insisting, upon the authority of many cited cases [3] that the court erred in denying recovery upon its contract of indemnity and that the judgment may not stand.

Appellee, in addition to urging as he did below that plaintiff's contract is in effect nullified by Sec. 4234 and that the judgment of dismissal in the suit against the sheriff is a bar to plaintiff's suit, insists that Sec. 256 [4] of the 1942 Code of Mississippi is a further and complete barrier.

 We do not think so. On the contrary, we think it plain that since the suit is on an express contract of indemnity, neither of the invoked statutes is applicable here, and that the authorities appellant cites and relies on fully support its position. We think, too, that it is a complete contradiction in terms to say that the judgment dismissing the suit against the sheriff, entered as a part of and in accordance with, the settlement agreement, operates in any way to bar plaintiff's suit on its agreement for indemnity to recover the very sums which were paid by it as a consideration for the dismissal judgment in the defendant's favor. Indeed it seems to us fantastic to claim that the defendant may take the benefit of the judgment in the suit against him, obtained by and as a part of the settlement, and, at the same time, refuse to stand to the indemnity agreement under the authority of which the plaintiff made the settlement and secured the entry of the judgment on defendant's behalf.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

3. Among others, U. S. Fidelity & Guaranty Co. v. Jones, 5 Cir., 87 F.2d 346; U. S. Fidelity & Guaranty v. White, 106 Miss. 28, 63 So. 329; Guarantee Co. v. Pitts, 78 Miss. 837, 30 So. 758; 50 Am. Jur., Suretyship, Sec. 299, p. 1055; Illinois Surety Co. v. Maguire, 157 Wis. 49, 145 N.W. 768; National Surety Co. v. Casner, Mo.Sup., 253 S.W. 1057; U. S. F. & G. v. Baker, 136 Ark. 227, 206 S.

W. 314; Fidelity & Deposit Co. of New York v. Harrison, Tex.Civ.App., 274 S.W. 1002; Carroll v. National Surety Co., 58 App.D.C. 3, 24 F.2d 268.

4. Sec. 256: "A surety or indorser shall not suffer judgment or a decree to be rendered against him by confession or default, without the consent of the principal debtor."