P. Phillips, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Howard Phillips, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Della Phillips, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 29723, 29724, 29725. Promulgated December 20, 1951.

*George E. H. Goodner, Jr., Esq.,* and *Dewey R. Roark, Jr., Esq.,* for the petitioners.

*Newman A. Townsend, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge:* The Cooperative was under no obligation either to return the amounts to the members or to issue revolving fund certificates for the amounts it retained as a reserve from marketing operations. They belonged to and were taxable income of the Cooperative. *Dr. P. Phillips Cooperative,* 17 T. C. 1002. Cf. *Harbor Plywood Corporation,* 14 T. C. 158, affirmed per curiam 187 F. 2d 734; *George Bradshaw,* 14 T. C. 162, both of which dealt with amounts which did not belong to or represent taxable income of the cooperative there in question. Dr. P. Phillips Cooperative voluntarily issued revolving fund certificates against the amounts retained from marketing operations. Those certificates had no fair market value and did not represent income to the recipients on that basis. The Cooperative never made the funds themselves subject to the demand of any member so that constructive receipt might apply. The funds belonged to and were retained by the Cooperative. They were not income of the members for 1946. Furthermore, if a member ever receives any cash or thing of value in lieu of the certificates, that will represent an additional "amount realized" from the sale of his 1946 crop which will be taken into income at that later date if it represents unreported profit. The Commissioner has advanced no sound reason for including these amounts in the income of the petitioners for 1946.

The situation with respect to the amounts retained by the Cooperative from its 1946 caretaking activities is different. It has been held in *Dr. P. Phillips Cooperative, supra,* that those amounts never belonged to the Cooperative. It was required by its contracts with the members to issue revolving fund certificates for the funds thus retained. The members agreed in advance that those funds, which continued to belong to them, could be retained by the Cooperative for the special purpose of the reserve. Those members deducted as expenses of their business the amounts which they transmitted to the Cooperative for caretaking services, including the amounts retained. At least the evidence does not show the contrary and the assumption is logical. It developed for the first time in 1946 that the amounts under discussion were in excess of the caretaking expenditures of the Cooperative for its fiscal year 1946, continued to belong to the members, did not represent true expenses of the business of those members, and reduced to that extent the amount otherwise allowable as an expense deduction to those members. It then appeared that these amounts represented, not ex-

penses of the members, but amounts which, they had agreed in advance, could be used by the Cooperative for a special purpose from which the contributors of the funds desired and expected to benefit. Thus, although the retained amounts, which never ceased to belong to the members, were not income of the contributors for 1946, nevertheless the result reached by the Commissioner in determining the deficiency is correct since the deductions taken for expenses in 1946 should be reduced to correspond to the amounts actually spent by each member as caretaking expenses. Cf. *Estate of William H. Block*, 39 B. T. A. 338, affd. 111 F. 2d 60, certiorari denied 311 U. S. 658; *Walter M. Marston*, 41 B. T. A. 847; *Beacon Auto Stores, Inc.*, 42 B. T. A. 703; *Acampo Winery & Distilleries, Inc.*, 7 T. C. 629; *M & E Corporation*, 7 T. C. 1276.

*Decision will be entered under Rule 50.*