M & E CORPORATION, (A DISSOLVED CORPORATION), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6995. Promulgated December 4, 1946.

*Robert J. Bird, Esq.*, for the petitioner.
*J. Frost Walker, Jr., Esq.*, for the respondent.

OPINION.

Murdock, *Judge*: The petitioner acquired the mortgages by giving in exchange its certificates of indebtedness in an amount equal to the appraised value of the mortgages at the time of the exchange. We need not go back of that event. The cost of the mortgages to the petitioner was $82,377.78. It realized only $70,103.96 upon the liquidation of the mortgages. It charged the difference of $12,273.82 against a reserve for loss on the mortgages. It built up that reserve by additions of $15,417.62 all of which it claimed as deductions on its returns for the years 1936 through 1938. The additions to the reserve exceeded the actual losses by $3,143.80, the amount added to income for 1942. In other words, $3,143.80 of the amount deducted for estimated losses was not lost.

Repayment of or recovery on a debt is not income and ordinarily may not be taxed as income. However, it has been regarded as properly taxable where it has served to offset other taxable income through a deduction as a worthless debt. *Askin & Marine Co.*, 26 B. T. A. 409; affd., 66 Fed. (2d) 776; *Estate of William H. Block*, 39 B. T. A. 338; affd. sub nom. *Union Trust Co. of Indianapolis* v. *Commissioner*, 11 Fed. (2d) 60; certiorari denied, 311 U. S. 658; *Citizens State Bank*, 46 B. T. A. 964; *Corn Exchange National Bank & Trust Co.*, 46 B. T. A. 1107, 1123; *Motor Products Corporation*, 47 B. T. A. 983, 1002; affd. per curiam, 142 Fed. (2d) 449; *Dobson* v. *Commissioner*, 320 U. S. 489. Likewise an unused balance in a reserve built up by deductions which offset income, is properly to be restored to income of the year during which the reason or necessity for the reserve ceased to exist. *Peabody Coal Co.*, 18 B. T. A. 1081, 1091; affd., 55 Fed. (2d) 7; certiorari denied, 287 U. S. 605. Cf. *G. M. Standifer Construction Corporation*, 30 B. T. A. 184; dismissed, 78 Fed. (2d) 285.

The petitioner contends that this final balance in its reserve, which proved to be unnecessary and was never used, should not be added to its income for 1942, since the petitioner took deductions for additions to its reserve only in 1936, 1937, and 1938, and it would not have had any taxable income for either 1937 or 1938 even if it had not taken any deduction in those years and it would have had income of only

$40.07 in 1936 if it had not taken any deduction in that year, i. e., only $40.07 of the total deductions taken by the petitioner served to offset taxable income.

The Commissioner argues, however, that recoveries can not be related to any particular deduction under the reserve method and therefore, it can not be determined whether the deduction did or did not offset taxable income. That might be true in some cases, but it is not true here. The deductions could not have offset income except to the extent of $40.07. He argues further that after the *Dobson* decision he adopted rules and regulations denying the tax benefit rule in bad debt recoveries where the reserve system was used as opposed to the method of charging off specific bad debts. He claims the statute is to the same effect.

Section 22 (b) excludes from gross income under subparagraph (12) "Income attributable to the recovery during the taxable year of a bad debt, * * * to the extent of the amount of the recovery exclusion with respect to such debt." It defines a bad debt as one on which a deduction was allowed for a prior taxable year. It defines recovery exclusion with respect to a bad debt as the amount, determined in accordance with regulations prescribed by the Commissioner, of the deductions allowed on account of the bad debt which did not result in a reduction of tax, less prior exclusions with respect to the same debt. The Commissioner promulgated section 29.22 (b) (12)–1 (*a*) of Regulations 111 (as amended by T. D. 5376, approved June 3, 1944) containing the sentence, "If a bad debt was previously charged against a reserve by a taxpayer on the reserve method of treating bad debts, it was not deducted, and it is therefore not considered a section 22 (b) (12) item."

A taxpayer using the reserve method for bad debts makes additions to the reserve as they are needed and deducts the additions on his returns. As debts become or are deemed worthless, they are charged against the reserve. If a recovery is made of a specific debt which has been charged against the reserve, it is usually credited to the reserve although some taxpayers may take it into income. The regulation relied upon by the Commissioner was apparently designed to cover recoveries of that kind. We need not decide whether or not it is a proper regulation, since it was not designed to cover and does not cover a case like the present. Here the amount which the Commissioner has added to income does not represent a recovery upon any debt previously charged against the reserve. It represents a final balance in the reserve against which no specific debt has ever been or ever will be charged. The need for the reserve has ceased to exist and the assets of the petitioner which were back of the final

1280

balance in the reserve are now freed for general use by the petitioner. They can now be reflected in surplus. But the change does not necessarily create any taxable income in 1942. The tax benefit rule has as much application in such a situation as in any other. The petitioner has been able to show that deductions taken by it to build up this balance did not result in a reduction of tax except as to $40.07 thereof, and, under the *Dobson* principle, only $40.07 would represent taxable income. Cf. *Cohan* v. *Commissioner*, 39 Fed. (2d) 540.

*Decision will be entered under Rule 50.*