Empire Case Goods Company v. Commissioner.
Empire Case Goods Co. v. Commissioner
Docket No. 20151.
United States Tax Court
1949 Tax Ct. Memo LEXIS 119; 8 T.C.M. (CCH) 686; T.C.M. (RIA) 49186; August 3, 1949
*119 Additions to taxpayer's reserve for bad debts for the fiscal years 1940, 1941 and 1942, held, reasonable in amount and, therefore, deductible from gross income under section 23 (k) (1), I.R.C.
S. J. Lasser, C.P.A., for the petitioner. Thomas R. Charshee, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $5,319.94 in income tax and $8,960.92 in excess profits tax for the taxable year ended March 31, 1942. The only question to be determined is whether the petitioner is entitled to deductions of additions to its reserve for bad debts in the amounts of $4,560.34, $4,315.62 and $6,670.85 for the taxable years ended March 31, 1940, March 31, 1941, and March 31, 1942, respectively. The deductions for the fiscal years 1940 and 1941 are involved by reason of the Commissioner's reduction of petitioner's unused excess profits credit carry-over by the amount of $8,692.08 representing the additions to the reserve for bad debts of $4,560.34 and $4,315.62 for the fiscal years 1940 and 1941. The facts were stipulated. Findings of Fact The petitioner is a New York corporation *120 and its sole place of business is located in Jamestown, New York. It filed its Federal income and excess profits tax returns for the taxable year ended March 31, 1942, with the collector of internal revenue at Buffalo, New York. Throughout the years involved the petitioner was engaged in the manufacture and sale of furniture. It kept its books of account and filed its Federal income and excess profits tax returns on the accrual basis and with respect to bad debts on the basis of a reserve for bad debts. For the fiscal years ended March 31, 1940, 1941, and 1942, petitioner made additions to its reserve for bad debts in the amounts of $4,560.34, $4,315.62 and $6,670.85, respectively, and deducted such amounts in computing its net loss and net income for such years. The Commissioner disallowed all of such additions to the reserve in computing petitioner's net loss and/or net income for such years and in redetermining petitioner's net operating loss deduction applicable to such years. The explanation for the adjustments as shown in the statement attached to the notice of deficiency is as follows: "(b) It is held that the addition to the reserve for bad debts for the fiscal year ended *121 March 31, 1942 in the amount of $6,670.85 is unreasonable and an unallowable deduction from gross income. * * *
"(d) The net operating loss deduction has been decreased by $8,875.96 representing the additions to the reserve for bad debts for the taxable years ended March 31, 1940 and 1941 which have been disallowed." The following schedule shows the net sales, accounts receivable, net loss as reported on petitioner's returns, provision for bad debts added to the reserve, bad debts charged off and charged to the reserve, recoveries from bad debts credited to the reserve, from January 1, 1931, through March 31, 1942, and the amount of the reserve accounts as shown by the books: Added to
Net Loss
Reserve
Bad Debts
Net
Receiv-
as Reported
for Bad
Charged
Period
Sales
ables
on Returns
Debts
Off
Balance
1931
$ 834,307
$171,456
[36,140)
$ 8,343.07
$11,049.28
1932
705,280
165,752
(46,925)
14,105.60
14,566.47
1933
589,245
119,545
(24,119)
5,892.46
11,006.11
1934
574,894
186,853
(53,986)
5,748.95
5,704.51
1935
689,575
161,145
(61,636)
6,895.15
2,094.78
1936
801,183
66,934
(39,057)
4,280.64
1937 and three
months ended
3/31/38
781,133
99,135
( 8,559)
2,363.79
787.56
Year ended
3/31/39
488,039
68,230
(69,100)
2,374.93
6,869.87
15,150.25(a)
Year ended
3/31/40
942,873
137,632
(51,303)
4,560.34
7,039.79
Year ended
3/31/41
864,345
155,043
(15,035)
4,315.62
1,377.97
Year ended
3/31/42
1,263,998
193,701
6,670.85
1,248.39
*122 Reserve for
Recov-
Bad Debts -
Period
eries
End of Year
Balance
$37,451.40
1931
$3,092.08
37,837.27
1932
1,799.87
39,176.27
1933
1,212.71
35,275.33
1934
578.85
35,898.62
1935
87.16
40,786.15
1936
834.73
37,340.24
1937 and three
months ended
3/31/38
8.09
38,924.56
Year ended
3/31/39
15.12
19,294.49
Year ended
3/31/40
16,815.04
Year ended
3/31/41
19,752.69
Year ended
3/31/42
25,175.15
(a) Reduction in the reserve for bad debts credited to income during the year ended March 31, 1939. Prior to issuance of the deficiency notice herein respondent made no change in the reserve for bad debts with respect to any of the items entering into said accounts for the period set forth above. As disclosed by the statement attached to the notice of deficiency the net income for the fiscal year ended March 31, 1942, reported in petitioner's return was $30,097.86. In computing the deficiency herein, respondent disallowed the sum of $1,409.19 with respect to salesmen's commissions incurred, which petitioner had deducted in computing its net income for the fiscal year ended March 31, 1942. The respondent concedes that the *123 deduction should be restored and allowed in computing petitioner's net income for that year. The petitioner concedes the correctness of the disallowance of the amount of $5,625 claimed in the fiscal year ended March 31, 1942, as compensation paid. Opinion VAN FOSSAN, Judge: In his brief the respondent states his position to be as follows: "It is respondent's position that the petitioner erred in reducing its reserve by the amount of $15,150.25 and crediting said amount to income during the taxable year ended March 31, 1939; that the Commissioner was correct in restoring said amount of $15,150.25 to petitioner's reserve for bad debts in the years ended March 31, 1940, 1941 and 1942; and that the Commissioner was correct in disallowing, as unreasonable, deductions for petitioner's additions to its reserve for bad debts in the amounts of $4,560.34, $4,315.62 and $6,670.85 during the taxable years ended March 31, 1940, March 31, 1941 and March 31, 1942, respectively." With regard to the restoration of the amount of $15,150.25 to petitioner's reserve for bad debts for the taxable year ended March 31, 1939, the respondent argues that there is no authority for petitioner's action *124 in reducing its reserve for bad debt by the amount of $15,150.25 under the Internal Revenue Code, the Regulations, or good accounting practice. He argues further that petitioner merely transferred the $15,150.25 to an income account in 1939, in which year it sustained a large loss, thus incurring no tax liability as a result of the transfer and, with such a reduced reserve, laid the groundwork for larger additions to the reserve in later years in which income was realized; that if such practice were permitted, taxpayers could, in effect, not only shift deductions from one year to another but could twice obtain the benefit of additions necessary to bring the reserve up to a reasonable amount; that hence the respondent was entirely justified in restoring the amount of $15,150.25 to petitioner's reserve account. The petitioner contends that the additions to its reserve for bad debts in the fiscal years 1940, 1941 and 1942 were reasonable in amount; that the alleged error of petitioner in adjusting its reserve took place in 1939, a closed year; that, no longer able to adjust that year, the respondent is assuming to correct in the fiscal years 1940, 1941 and 1942 the alleged error made *125 in 1939; that by indirection the respondent is attempting to penalize the petitioner in 1942 by reason of an adjustment in 1939, when the adjustment was of no tax benefit; and that moreover he disregards the well-founded and established principle of tax accounting on an annual basis. While there may be no authority justifying the transfer by petitioner of a part of the reserve ($15,150.25) to income in 1939, as argued by respondent, we know of no authority, and respondent cites none, which justifies the restoration by the respondent of the "amount of $15,150.25 [an adjustment made in the fiscal year 1939] to petitioner's reserve for bad debts in the years ended March 31, 1940, 1941 and 1942." On the contrary, "Congress has elected to make the year the unit of taxation." Virginian Hotel Corporation of Lynchburg v. Helvering, 319 U.S. 523; Burnet v. Sanford & Brooks Co., 282 U.S. 359. It appears from the schedule set forth in our findings of fact that during each of the taxable periods from January 1, 1931, to March 31, 1939, the petitioner sustained a net loss far in excess of the amount added to its reserve for bad debts, thus deriving no tax benefit *126 from the deduction of such amounts. It built up a substantial reserve without deriving any benefit taxwise therefrom. See M. & E. Corporation, 7 T.C. 1276. In the year ended March 31, 1939, the petitioner sustained a net loss of $69,100 notwithstanding the restoration to income in that year of the amount of $15,150.25. The respondent argues that the evidence in the record falls short of proving that his determination in disallowing the additions involved was erroneous. His brief contains a tabulation based upon figures taken from the schedule of accounts receivable, etc., set forth in our findings of fact. Based upon such figures, he computed a percentage ratio between a five year average of debts charged off and a five year average of accounts receivable, which percentage ratio, he states, applied to the accounts receivable of March 31, 1940, 1941 and 1942, results in the amounts of $5,091.38, $5,736.59 and $7,166.93, respectively, representing the amount of bad debts to be anticipated. The amounts claimed by the petitioner as additions to its reserve in the years involved are $4,560.34, $4,315.62 and $6,670.85, respectively, which amounts are lower than the amounts *127 computed by the respondent based upon the past experience of petitioner. The evidence shows that during the five year period used by the respondent in his computations the total additions to its reserve was $17,382.82, whereas the total bad debts charged off for that period amounted to $19,737.36, an indication that the additions to the reserve were too low and that a somewhat higher percentage would be permissible in estimating additions to the reserve. Section 23 (k) (1) of the Internal Revenue Code provides that in computing net income there shall be allowed as deductions debts which become worthless within the taxable year; or (in the discretion of the Commissioner) a reasonable addition to a reserve for bad debts. It has been stated that "In cases of this kind there must be clear proof that the action of the respondent is unreasonable." Southeastern Finance Co., 4 T.C. 1069, affirmed 153 Fed. (2d) 205. In our opinion, the action of the respondent in not allowing any deduction for the fiscal years 1940, 1941 and 1942 was unreasonable. We conclude that the additions to the reserve for bad debts claimed as deductions by the petitioner *128 for the fiscal years 1940, 1941 and 1942 of $4,560.34, $4,315.62 and $6,670.85, respectively are reasonable and should be allowed. Decision will be entered under Rule 50.