**UNITED STATES FIDELITY & GUARAN-
TY CO. v. JONES.**

No. 8010.

Circuit Court of Appeals, Fifth Circuit.

Jan. 16, 1937.

Curtis White, of Dallas, Tex., and M. M. Williams, of Houston, Tex., for appellant.

E. M. Bramlette, R. B. Levy, and James L. Lattimore, all of Longview, Tex., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

HOLMES, Circuit Judge.

This is an appeal from a judgment in which appellant was allowed recovery on certain small items, but was denied recovery on the principal sum of $4,000 and incidental amounts, claimed by it to be due from appellee under the terms of an indemnity contract given as part of the consideration for the execution of a bond wherein appellant was surety.

The Gregg Construction Company entered into a construction contract with the Texas Pipe Line Company and gave its bond in the penal sum of $50,000. The condition of the bond was compliance with and performance of each and every term set forth in the above-mentioned contract. The contract required the Gregg Construction Company to settle all claims for labor and materials and to indemnify and hold the Texas Pipe Line Company harmless against all claims by laborers, supply men, and material men incurred in connection with the work. In consideration of the execution of the bond by appellant, the Gregg Construction Company executed an indemnity agreement, whereby it covenanted to indemnify appellant and save it harmless against all loss, cost, damage, charge, and expense, including court costs and counsel fees, that might accrue to it, whether sustained by reason of the act, default, or neglect of the Gregg Construction Company, or on account of claims made under or in connection with the bond; and agreed to repay to appellant all such loss, cost, damage, charge, and expense, and the expense of attorneys and agents employed to investigate and adjust such claims, and, further, to pay all cost, charge, and expenses, including court and attorney's fees, incurred by appellant in enforcing the indemnity agreement. The indemnity agreement further provided that the vouchers or other evidence of payments made by appellant under the bond should be conclusive evidence of the fact and extent of the liability of said company thereunder, whether said payments were made in the investigation of a claim made on the bond, or adjusting a loss or claim in connection therewith, whether voluntarily made or paid after suit and judgment.

Appellee, being secretary and treasurer of the Gregg Construction Company, executed an agreement whereby he became a coindemnitor. The provisions of the instrument were that, in consideration of the execution of the bond, appellee joined in the indemnity agreement, accepting full liability thereunder, and agreed to be bound by all covenants, provisions, and conditions thereof.

An action was brought in a Texas court, in which appellant was joined as a party defendant. A large number of labor, material, and supply claimants, including the Air Reduction Sales Corporation, joined in the action as plaintiffs and undertook to establish liability on the part of appellant for their claims. The matter was referred to a master who made his report, in which he held that appellant was not liable to the laborers, material men, and supply men. Before the master's report was acted upon by the court, the attorney representing the Air Reduction Sales Corporation approached appellant and demanded payment of its claim, stating that, should his demand be refused, he would file exceptions thereto. Appellant was fearful that, should exceptions be filed, the report would not be sustained, and, while its attorneys had hopes of ultimately escaping liability, it appeared that the cost of appeal would be great, and that the other claimants would be included in whatever judgment might be entered against them, bringing their possible liability up to $50,000. In this situation, appellant set out to buy its peace with the Air Reduction Sales Corporation. This was done by paying it $4,000 in consideration of its forbearance to except to the master's report; whereupon the report was presented without exception, confirmed by the court, final judgment was entered, and no appeal was taken.

Demand was made upon appellee for the expenses incurred in the defense of the suit in the state court, the amount paid to the Air Reduction Sales Corporation, and expenses incidental to that claim. Appellee denied liability and refused payment, whereupon this action was instituted in the court below. There being no contest as to the expenses in the state court, and other items, judgment was rendered for appellant for $901.06, with interest, but denying any recovery for the $4,000 and the attorney's fees incident to its collection.

It is noted that the obligation assumed by appellee is not confined to that of a common-law principal to reimburse his surety for any amount paid upon his debt, in which the liability of the principal is controlling, but that a special undertaking was assumed by appellee, which must be determined from a construction of the written contract. Fidelity & Casualty Co. v. Harrison (Tex.Civ.App.) 274 S. W. 1002.

Eliminating so much of the agreement as imposed the liability of a surety, appellee agreed with appellant to " * * * save it harmless against all loss, cost,

damage, charge and expense, * * * that may accrue to it * * * on account of claims made under or in connection with said bond * * * ; agreeing to repay to said company all such loss, cost, damage, charge, and expense. * * * "

■ Construing the agreement as a whole, there is nothing in it which diminishes the extent of the obligation assumed by appellee under the foregoing provision. Thus, if any loss, cost, damage, charge, or expense has accrued to appellant on account of a claim made under or in connection with the bond, appellee is bound to repay the same. The claim asserted by the Air Reduction Sales Corporation was a claim for payment of its account by appellant because of the fact of its suretyship on the bond. That this is a claim made under or in connection with the bond within the meaning of the above-quoted provision seems to follow from an analysis of it.

■ However, this is followed by a provision that "the vouchers or other evidence of payments made by the Company under its obligation of suretyship shall be conclusive evidence of the fact and extent of the liability of the undersigned (appellee) to said company under said obligation * * * whether said payments were * * * incurred in investigation of a claim made thereon, adjusting a loss or claim in connection therewith * * * and whether voluntarily made or paid after suit and judgment." Thus, if the payment was made in adjusting a claim made on the obligation of suretyship, the voucher is made conclusive evidence of the fact of appellee's liability. There is nothing in this provision inconsistent with the right asserted by appellant to compromise any claim of liability on the bond that might be asserted against it. The limitation "under its obligation of suretyship" must be read in connection with "adjusting a loss or claim." The payment here involved was the compromise of a claim on which it was contended appellant was liable as surety. American Bonding Co. v. Alcatraz Construction Co. (C.C.A.) 202 F. 483; Carroll v. National Surety Co., 58 App.D.C. 3, 24 F.(2d) 268.

■■ From the foregoing, it follows that the ultimate liability of appellant was not a condition precedent to its right to recover on the indemnity contract. No question of bad faith, collusion, or fraud is presented by this record. Appellee has not attempted to show any change of position on the basis of any representation made or position taken by appellant that would work an estoppel. Appellant was not required to give notice or to obtain appellee's consent, or to request that appellee defend the claim. Carroll v. National Surety Co., supra, 58 App.D.C. 3, 24 F.(2d) 268.

■ The liability of appellee not being confined to that of a principal to his surety, but also being on the special undertaking of the indemnity contract, the conclusiveness of the judgment entered in the state court upon the question of the ultimate liability of the principal on the claims there asserted has no bearing on the liability of appellee in this action. The adjudication in the state court, discharging appellant from the claims there asserted against it, did not adjudicate any question which might arise under the special undertaking of indemnity as distinguished from that resulting from a contract of suretyship. The subject-matter was entirely different, and there is no ground for application of the doctrine of estoppel by judgment or res judicata. See Eller v. Erwin (Tex.Civ.App.) 265 S.W. 595; Bagley v. General Fire Extinguisher Co. (C.C.A.) 150 F. 284, 287; Western Indemnity Co. v. Crafts (C.C.A.) 240 F. 1, 8. Compare B. Roth Tool Co. v. New Amsterdam Casualty Co. (C.C.A.) 161 F. 709.

The judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent herewith.