Traylor **LANDER**, Appellant,

v.

**PHOENIX INDEMNITY COMPANY,**
Appellee.

No. 3676.

Court of Civil Appeals of Texas.

Waco.

Nov. 19, 1959.

Rehearing Denied Dec. 17, 1959.

**952**

Daugherty, Bruner, Kelsoe & Thorp, Dallas, for appellant.

Bailey, Shaw & Williams and James A. Williams, Dallas, for appellee.

TIREY, Justice.

Appellee grounded its cause of action on a contract of suretyship evidenced by a contract between appellee and appellant whereby appellee bound itself to be surety on appellant's bond for certain construction work to be done in Louisiana and known as contract No. 4619. The controlling factual situation does not yield to a simple statement. At the conclusion of the evidence appellee presented its motion for instructed verdict, which was overruled; thereafter the Court submitted two issues to the jury:

"(1) Do you find from a preponderance of the evidence that the plaintiff, Phoenix Indemnity Company, did not exercise good faith in paying out any of the itemized sums of money listed in Exhibit 15?

"Answer: 'It did not,' or 'It did.'

"If you have answered Special Issue No. 1, 'It did not,' then answer the following issue; otherwise, do not answer it.

"(2) From a preponderance of the evidence which, if any, of the items listed in Exhibit 15, do you find were not paid in good faith by the plaintiff company?

"Answer by designating the party, if any, and the amount, if any."

The jury being unable to reach a verdict the Court discharged the jury and thereafter granted appellee's motion for judgment. In the judgment we find this recital:

"After considering said special issues the jury returned into court on the 5th day of August, 1958, stating they all were unable to agree upon the verdict in said cause, and were unable to answer the special issues submitted to them by the Court, and the Court being of the opinion that said jury could not answer the issues so submitted discharged the jury. After discharge of the jury, the plaintiff filed its motion for judgment re-urging the grounds set forth in its motion for instructed verdict, and the Court having considered same

is of the opinion, and now so finds, that the Motion for Instructed Verdict should have been granted against the defendant, and that the plaintiff is now entitled, as a matter of law, to a Judgment in this case for the amount of the principal, interest and attorney's fees on the note sued upon, together with a foreclosure of the lien upon the property hereinafter described." The Court decreed that plaintiff recover against defendant the sum of $2,319.69, with interest and attorneys' fees as provided in the decree. It also decreed foreclosure of a mortgage lien on certain personal property. Defendant duly excepted to the Court's action and gave notice of appeal and duly perfected his appeal and the case is here on transfer. The defendant assails the judgment on three points, and they are substantially to the effect that the Court erred in the following particulars:

(1) In withdrawing the case from the jury and granting judgment for the appellee, because the jury was unable to reach a verdict on the submitted special issues and where disputed fact questions had been raised by the evidence;

(2) In granting judgment on promissory note because there was no competent evidence to show the extent of defendant's liability, if any, under the note;

(3) In admitting into evidence over timely objections, the affidavit executed by Hickman (being Exhibit 15) which affidavit set out expenses that appellee had charged against appellant.

Appellee's counterpoints are:

(1) That the Court did not err in withdrawing the case from the jury and granting its motion for judgment;

(2) In admitting into evidence the affidavit of Hickman;

(3) That the evidence sustains the judgment.

A comprehensive statement is necessary.

Appellee went to trial on its first amended original petition. It alleged that its contract with defendant is embodied in the application for contract or bid bond, and that defendant executed the application for contract and pursuant thereto appellee executed the bond as surety for the defendant whereby said contract of suretyship enabled the defendant to make a contract to do certain construction work in the State of Louisiana known as contract 4619; that by the provisions of the contract between plaintiff and defendant, defendant agreed to indemnify plaintiff for all loss, costs, damages, expenses and attorney's fees whatsoever, and any and all liability therefor sustained or incurred by plaintiff by reason of execution of said bond, in making of any investigation on account thereof, in prosecuting or defending any action brought in connection therewith, in obtaining a release therefrom, and in enforcing any of the agreements contained in said contract; that subsequent to the making of said bond defendant entered upon the performance of his contract, and thereafter breached it, and the plaintiff was called upon as surety to complete same and pay certain bills of the defendant in connection with said contract and construction work; that in so doing plaintiff incurred certain losses, itemizing the same, that he alleged to be the sum of $9,849.63; that plaintiff collected the sum of $7,529.94 from defendant which it applied to the foregoing expenses as part of the indemnity for said expenses, leaving the balance now due and owing of $2,319.69 under the terms of plaintiff and defendant's contract embodied in the application here referred to for contract and bond; that the plaintiff was authorized to demand collateral from the defendant for the above expenses which it incurred, or might incur in the future as a result of being surety on defendant's bond; that plaintiff made such demand and defendant acquiesced thereto and put up collateral for the foregoing expenses; that said collateral was in the form of a chattel mortgage on certain personal property

fully described, and it prayed for foreclosure of said mortgage; for its debt, and for reasonable attorneys' fees. The foregoing in effect constitutes first count in plaintiff's pleadings. In the second count it alleged that when defendant breached his construction contract on which plaintiff was surety, and on which plaintiff as surety was called upon to pay certain bills incurred by defendant and to complete such contract, that it appeared at such time that the expenses that plaintiff might have to pay might amount to around $4,000; that plaintiff demanded and defendant acceded to its demand and executed a promissory note in the amount of $4,000 to cover contingent expenses which plaintiff might be out in accordance with the terms of plaintiff and defendant's contract embodied in said application for contract or bid bond in plaintiff's first count in the amount of $9,849.63, and that plaintiff has been indemnified for only $7,529.94, leaving a balance due on said note of $2,319.69, plus legal interest and attorneys' fees. Plaintiff set out the note in detail and the execution and delivery of the chattel mortgage on the bulldozer, and it prayed that it have judgment in the sum of $2,319.69, either under its first count or under its second count. Defendant went to trial on his second amended original answer. This answer consists of several pages of legal cap paper, but as we understand it, it contains a general denial and many special denials of the various matters set out in plaintiff's pleading, and in addition thereto, it plead failure of consideration as a defense to the note and foreclosure of the chattel mortgage; it also alleged that the bonding company failed to perform the terms of the contract upon which the note was based. It also contains a cross-action, but the court held a pre-trial and sustained plaintiff's motion to strike the cross-action, to which defendant excepted, but the action of the court in striking the cross-action is not here assailed.

Our view of the record is that the controlling facts here are not in dispute. The appellee pleaded and proved the execution of the note and mortgage and then made judicial admission that a credit should be made on the note, leaving a balance due of $2,319.69, plus interest and attorneys' fees. It is without dispute that appellant had taken a construction contract in the State of Louisiana, and as an incident thereto had applied to appellee for performance and payment bond, and had executed a written application therefor; among the terms we find:

"(1) To indemnify the company against all loss, cost, damages, expenses and attorney's fees whatever, and any and all liability therefor, sustained or incurred by the company by reason of executing of said bond or bonds, or any of them in making any investigation on account thereof, in prosecuting or defending any action brought in connection therewith, in obtaining a release therefrom, and in enforcing any of the agreements herein contained;

"(2) That in the event of payment, settlement or compromise, in good faith, of liability, loss, cost, damages, expenses and attorney's fees, claims, demands, suits and judgments as aforesaid, an itemized statement thereof, sworn to by any officer of the company or the voucher or vouchers or other evidence of such payment, settlement or compromise shall be prima facie evidence of the fact and extent of the liability of the undersigned, in any claim or suit hereunder, and in any and all matters arising between the undersigned and the company."

After appellant executed the foregoing application the appellee executed bond, and the appellant proceeded to enter upon performance of the contract. It appears that at or near the completion of the work, appellant failed to pay the sum of $11,262.39, in what appellant understood to be his indebtedness on the job, and the State of Louisiana did not and would not release the funds it held in the contract until the debt against the contract was cleared, the amount withheld being $7,-

529.94. The appellee, in its capacity as surety, asked for and did receive from the appellant the promissory note in question and the chattel mortgage on the personal property to secure appellee further from loss on the contract. Appellee paid in disbursements and expenses $9,849.63, as evidenced by the affidavit of R. Allen Hickman drawn in accordance with the quoted portion of the bond application. Appellee applied the $7,529.94 as a credit on the sum of $9,849.63, which it had disbursed for the benefit of appellant on the contract, which left a balance due on the $4,000 note held by appellee of $2,319.69.

The plaintiff and defendant stipulated substantially as follows: That plaintiff and defendant entered into a written agreement in regard to a certain construction bond on a printed form attached to plaintiff's request for admissions and marked Exhibit "A"; that thereafter, defendant, on request, filed certain admissions of fact contained in Exhibit "E"; that defendant was unable to pay all the obligations under the contract he made with the levee district, and that the levee district owed defendant, Lander, $7,529.94, but did not and would not pay the amount to the defendant until all of defendant's obligations under his contract had been first paid; that defendant authorized plaintiff to pay the claims under said contract, and receive for defendant the amount of $7,529.94; that plaintiff paid claims under said contract then due and owing as follows: To Earl L. Miller $3,313.05; To Arthur Blackwell $4,033.22; that after plaintiff paid such claims the levee district paid over to the appellee the sum of $7,529.94 that was due on the contract by the levee district to appellant; that in order for plaintiff to collect the amount due under said contract defendant executed a power of attorney to plaintiff at plaintiff's request which is shown in Exhibit "C"; that before plaintiff would pay off the aforesaid two debts of defendant under the contract he had with the levee district, that defendant executed a promissory note in the amount of $4,000 to plaintiff secured by a chattel mortgage.

Returning to a discussion of appellant's points 1 and 2, the question arises: Did the Trial Court err in withdrawing this cause from the jury and granting appellee's motion for judgment? We think the answer is No. Our view of the record is that appellant did not plead fraud or lack of good faith on the payments made by the appellee, and that he offered no proof of fraud or lack of good faith. It is our view that under the undisputed factual situation here before us, as well as the stipulations, that appellant having failed to tender an issue of fraud or bad faith by proper pleadings, he cannot now be heard to say by evidence or otherwise that he is relieved of any obligation under his contract of indemnity in the application for the bond by virtue of any fraud or lack of good faith on the part of the appellee. We are of the view that appellant's pleadings nowhere set forth any such idea, and that there is no support for any such evidence, nor was any such evidence tendered. That brings us to the issue of consideration, and there we find that it is shown without question that the note and the chattel mortgage were executed properly upon the request of the appellee before appellee expended under the bond in question the sum of $9,849.63, the appellee had the right to make the request of defendant to execute the note before it performed and paid out the foregoing money, and defendant acceded to it, and after the note and mortgage was executed the levee district paid the sum of $7,529.94, and the defendant was properly credited with the sum of $7,529.94, and that after such credit defendant owed the further sum of $2,319.69 covered by the note in question. So the evidence is without dispute that the appellee handled the matter in accordance with the written contract existing between it and the defendant, and that appellee fully accounted to the defendant for its action and made a full disclosure to him, and under the undisputed

factual situation there is and there could be no failure of consideration.

■ Returning to Appellant's Point 1, we are of the view that under this undisputed record that no issue is tendered by the pleadings or proof as to whether appellee paid the items set out in Exhibit 15, in good faith. In order to make a valid challenge to the presumption of good faith accorded to the appellee by law, the appellant would be required to set the challenge forth in definite pleadings, and it would be necessary for him to introduce proof thereon. We think that appellant failed in each of the foregoing requirements. We think the Texas Courts have followed the doctrine announced by the Supreme Court of the State of Mississippi in Guarantee Company of North America v. Pitts, 78 Miss. 837, 30 So. 758. For the Rule in Texas, see Fidelity & Casualty Company of New York v. Harrison, Tex.Civ.App., 274 S.W. 1002 (WR) and Central Surety & Ins. Corp. v. Martin, Tex.Civ.App.1949, 224 S.W.2d 773 (WR); see also Standard Accident Ins. Co. v. Fell, La.App.1941, 2 So.2d 519, writ of certiorari and review denied. Since the funds were expended under the terms of the bond for the consideration of the note, there is no failure of consideration and appellee is entitled to recover from the appellant the sum of $2,319.69, with interest set forth in the judgment and for attorney's fees as set forth together with costs of suit.

■ The Trial Court did not err in admitting into evidence the affidavit of Hickman because the affidavit was in proper form, and under this undisputed record it was the duty of the Court to admit the affidavit into evidence as prima facie proof of the fact of payment of the amount set forth in the affidavit. In addition to the cases heretofore cited, see also statement of the Rule in 42 C.J.S. Indemnity § 35, p. 629, and 17 C.J.S. Contracts § 229, p. 607, and United States Fidelity & Guaranty Co. v. Jones, 5 Cir., 87 F.2d 346; Carroll v. National Surety Co., 58 App.D.C. 3, 24 F.2d 268.

Since we are of the view that this record is without dispute that the appellee acted in good faith and without fraud in settling and adjusting the claims against the appellant and having done so and made prima facie proof of the settlement and the evidence showing without dispute that appellee's actions in so doing are free from fraud, appellee is entitled to recover. Being of the foregoing view there was no issue for the Trial Court to submit to the Jury and since there was none the Court did not err in withdrawing the case from the jury and granting appellee's motion for judgment. Each of appellant's points is overruled.

Accordingly the judgment of the Trial Court is affirmed.