Glenn H. ENGBROCK, Glenn H. Engbrock, Inc. and Encon Construction, Inc., Appellants,

v.

FEDERAL INSURANCE COMPANY, Appellee.

No. 22442.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1967.

Dougal C. Pope, Houston, Tex., for appellants.

Russell Talbott, Houston, Tex., Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for appellee.

Before HUTCHESON, BELL and AINSWORTH, Circuit Judges.

HUTCHESON, Circuit Judge.

Federal Insurance Company [1] sued Engbrock, Inc. and Encon Construction, Inc.[2] as its defaulting principals and indemnitors. The two corporations are owned and controlled by Glenn H. Engbrock who was sued individually as an indemnitor. Trial was to the court without a jury in the Southern District of Texas. We affirm the judgments entered against the corporations and Engbrock individually.

Engbrock, Inc. and Encon each entered into a construction contract with the Tomball Independent School District [3] and the Eagle Lake Independent School District,[4] respectively. In connection with the two contracts, Surety issued performance and payment bonds. Both corporations defaulted in the performance of the construction contracts, and Surety therefore made payments under the terms of the bonds. The two corporations and Engbrock as an individual had executed agreements to indemnify Surety for any losses it might sustain on any bonds issued to the two corporations. Summary judgment was entered against the corporations, but the action against Engbrock as an individual proceeded to trial.

■ Appellants contended in the district court that some of the payments made by Surety were excessive. The trial judge held that appellants were precluded from supplying evidence to support that contention in the absence of pleadings that Surety made excessive payments through fraud or lack of good faith. It is well settled Texas law that the nature of an indemnitor's liability upon an indemnity contract must be determined by the provisions of the contract. United States Fid. & Guar. v. Jones, 87 F.2d 346, 347 (5th Cir. 1937); Central Sur. & Ins. Corp. v. Martin, Tex. Civ.App., 224 S.W.2d 773, 776 (Beaumont—1949), error ref'd. Thus we turn to the indemnity agreement at issue which contained these clauses:

1. That the voucher or other evidence of payment by said [Surety] of any such loss, damage, expense, claim or liability shall be *prima facie* evidence of the fact and amount of each Indemnitor's liability to said [Surety] under this agreement; (Emphasis added.)

2. Any such decision, determination, settlement, defense, compromise or other action of the [Surety] in connection with any claim matter arising under said bond shall be final and *conclusive and unconditionally* binding upon each Indemnitor. (Emphasis added.)

Similar provisions, although apparently harsh as to an indemnitor, often have been upheld and are not against public policy. See, e. g., Ford v. Aetna Ins. Co., Tex.Civ.App., 394 S.W.2d 693 (Corpus Christi—1965), n.r.e.; Fidelity & Cas. Co. of New York v. Harrison, Tex.Civ. App., 274 S.W. 1002, 1004 (Fort Worth—1925), error ref'd. The accepted rationale is that "[t]he expense, delay, trouble, and risk of loss to the guarantee company is a sufficient safeguard against an unwarranted payment. * * *" Guarantee Co. of North America v. Pitts, 78 Miss. 837, 841, 30 So. 758, 759 (Miss. 1901).

■ In the face of these provisions, an indemnitor may successfully attack payments made by Surety only by pleading and proving fraud or lack of good faith by Surety. English v. Century Indem. Co., Tex.Civ.App., 342 S.W.2d 366, 369 (San Antonio—1961), no writ hist.; Lander v. Phoenix Indem. Co., Tex.Civ.App., 329 S.W.2d 951, 955 (Waco —1959), no writ hist. See also Shaw v. Massachusetts Bonding & Ins. Co., Tex. Civ.App., 373 S.W.2d 553, 558 (Dallas— 1963), no writ hist. Appellant did not plead fraud. However, he asserts the issue of good faith was raised by his

1. Hereinafter cited as Surety.

2. Hereinafter cited as Encon.

3. Hereinafter cited as Tomball.

4. Hereinafter cited as Eagle Lake.

pleading that Surety "did not do what it should have done in order to limit or minimize the costs on [the Eagle Lake] job." At most, the pleading alleges negligence by Surety. But neither lack of diligence nor negligence is the equivalent of bad faith; and improper motive, which is not alleged, is an essential element of bad faith. Ford v. Aetna Ins. Co., supra, 394 S.W.2d at 698; English v. Century Indem. Co., supra, 342 S.W.2d at 369. Hence, we conclude that it was not error for the trial judge to deny admission into evidence the testimony of appellant that the payments were excessive.[5]

█ In the trial against Engbrock as an individual, a question was raised in regard to an agreement under which Engbrock was to indemnify Surety for losses sustained under bonds issued to Encon on the Eagle Lake job. Engbrock contends that the indemnity agreement fails for lack of consideration because he signed the agreement four months after the bonds had been issued. The trial judge recognized this contention would have force if the signing of the agreement had constituted a new promise by Engbrock. But, to the contrary, the judge found that prior to the execution of the bonds in May, 1962, Engbrock had promised orally to execute the indemnity agreement before or contemporaneously with the execution of the bonds. This finding is supported by ample evidence. The agent who executed the bond for Surety had many prior dealings with Engbrock. The agent testified he told Engbrock that Surety would not issue a bond unless Engbrock gave his personal indemnity and that Engbrock thereupon agreed to do so. Moreover, there was testimony that the agreement was not signed in May, 1962, only because of a typist's error; that when the error was discovered in September, 1962, Engbrock executed a new agreement without hesitation or objection and dated it May, 1962, to conform to other documents con-

nected with the closing of the contract. In such circumstances, the execution of the indemnity agreement is in pursuance and consummation of a prior arrangement between the parties, and it is not necessary that the written promise carrying into effect the prior oral promise to execute the writing be supported by new or additional consideration. See Shahan-Taylor Co. v. Foremost Dairies, Inc., Tex.Civ.App., 233 S.W.2d 885, 890 (San Antonio—1950), n. r. e.; Otto v. Republic Nat'l Co., Tex.Civ.App., 173 S.W.2d 235, 239 (Dallas—1943), error ref'd; Fidelity and Deposit of Md. v. O'Bryan, 180 Ky. 277, 202 S.W. 645, 646, L.R.A.1918E, 574 (1918).

█ Finally, appellants insist they were entitled to a jury trial. Pursuant to Rule 38(b), F.R.Civ.P., a demand for a jury must be made "not later than 10 days after the service of the last pleading" directed to the disputed issue. Appellants' demand was on September 2, 1964. This was more than a year after the filing of the original answer on August 24, 1963. The amended answer was served on August 20, 1964, and the jury demand was made over 10 days later. It is clear that appellants' demand was untimely. However, they argue that the prescribed time period was lengthened to 13 days, making their demand timely, by Rule 6(e) which provides in pertinent part:

> Whenever a party * * * is required to do some act or take some proceedings within a prescribed period after the service of a notice * * * upon him and the notice * * * is served upon him by mail, 3 days shall be added to the prescribed period.

This argument is a feeble effort to save a situation caused by appellants' own lack of diligence. It is true that the amended answer could be filed only by leave of court. See Rule 15(a). But appellants certainly were not required to await notification by the clerk that their

---

5. Furthermore, the record reveals much evidence of good faith on this issue. The trial judge found that every precaution was taken to complete the work in the most economical fashion.

amended answer had been approved for filing before they could make their jury demand; not only could the demand have been made over a year earlier when the action was commenced, but appellants were authorized by Rule 38(b) to indorse the demand on the back of the amended answer. Furthermore, notice was never served upon them by mail as is required for the use of Rule 6(e). There was no error in denying them a jury trial.

The judgment of the district court is affirmed.