NATHAN S. JACOBSON, APPELLANT, v. AMERICAN FIDELITY FIRE INSURANCE COMPANY, A NEW YORK CORPORATION, RESPONDENT.

No. 7677

October 10, 1975                    541 P.2d 2

---

*David Hamilton,* of Reno, and *Simon, Sheridan, Murphy, Thornton & Hinerfeld,* and *Wallace L. Rosvall,* of Los Angeles, California, for Appellant.

*Paul A. Richards,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

King's Castle Hotel and Casino, at Incline, Nevada, was owned and operated by A. L. W., Inc. In March of 1971, while the hotel was still under construction, Southwest Gas Corporation requested A. L. W. to provide a surety bond against nonpayment for natural gas service to be provided to the hotel.

American Fidelity Fire Insurance Company agreed to supply such bond but required Nathan S. Jacobson, president of A. L. W., to subject himself to personal liability in the event of default. On March 26, 1971, the respondent issued a bond in the amount of $10,000 guaranteeing payment to Southwest Gas. A month later, Jacobson executed the personal indemnity agreement with American Fidelity.

In November of 1971, A. L. W. began to default on its monthly obligation to Southwest Gas for utility service. In February of 1972, Southwest demanded payment from respondent American Fidelity as surety for A. L. W. Respondent refused and Southwest subsequently filed suit.

American Fidelity filed a third-party complaint joining A. L. W. and Jacobson seeking recovery under the April 25, 1971, indemnity agreement in the event it would be compelled to pay. Judgment was entered for both Southwest and American Fidelity. Judgment for the latter included an award for costs and attorney's fees.

Jacobson contends on appeal that the indemnity agreement applied only to obligations accruing from the date it was executed and did not apply to the surety agreement executed by him on behalf of A. L. W. the preceding month. Additionally, he contends that the indemnity agreement is unenforceable for lack of consideration because it was executed after the issuance of the surety bond. Finally, it is contended that failure by Southwest to timely complete its part of the hotel construction resulted in offsetting damages which erroneously were not taken into account by the trial court.

1. None of the preceding assertions merit reversal. Irrespective of the fact that Jacobson's indemnity contract was executed one month after the surety bond was issued, the clear intention of the parties, as indicated even by Jacobson's testimony, was that the indemnification agreement was to apply to the surety bond of March 26, 1971. See, Missouri Pacific Railroad Co. v. City of Topeka, 518 P.2d 372 (Kan. 1974); Gribaldo, Jacobs, Jones & A. v. Agrippina Versich, A. G., 476 P.2d 406 (Cal. 1970); Ruysser v. Smith, 293 S.W.2d 930 (Mo. 1956); National Bank v. Aetna Casualty & Surety Co., 296 P. 831 (Wash. 1931). Similarly, the indemnification agreement does not fail for lack of consideration. It was intended to carry out the requirements of the underlying surety agreement. See, Engbrock v. Federal Insurance Company, 370 F.2d 784

(5th Cir. 1967); Fidelity & Deposit Co. of Maryland v. Whitson, 10 Cal.Rptr. 6 (Cal.App.2d 1960); Fidelity & Deposit Co. of Maryland v. O'Bryan, 202 S.W. 645 (Ky. 1918).

2. More than an acknowledgment of other purported issues is not warranted. Appellant finds no support for his position in the law of this state. A clerical error in wrongly dating the contract did not invalidate the transaction between the parties since all parties knew what was intended, no one was misled and gas service was in fact provided. A surety cannot be discharged from its obligation when there is an alteration or modification in the contract unless the surety is prejudiced or injured by the variance. Zuni Constr. Co. v. Great Am. Ins. Co., 86 Nev. 364, 468 P.2d 980 (1970). Surety contracts are to be interpreted with a view toward effectuating purposes for which the contract was designed. United States Leasing Corporation v. duPont, 444 P.2d 65 (Cal. 1968); Cushman v. National Surety Corp. of New York, 417 P.2d 537 (Ariz.App. 1966).

We are also in accord with the trial court in its determination that there appeared to be no negligence on the part of Southwest with respect to the installation of its equipment.

Affirmed.