UNITED STATES FIDELITY AND GUARANTY COMPANY,
Plaintiff,

v.

Jose Manuel COBIAN–GUZMAN, et al., Defendants.

Civil Nos. 10–1078 (FAB), 11–1415(FAB).

United States District Court, D. Puerto Rico.

Jan. 3, 2013.

7. Document no. 18.

8. Document no. 21.

Alfredo Fernandez–Martinez, Delgado & Fernandez, San Juan, PR, David E. Gurley–Crosier, Gurley & Associates, Sarasota, FL, for Plaintiff.

Charles A. Cuprill–Hernandez, Charles A. Cuprill PSC, Victor M. Chico–Luna, Law Office of Victor M. Chico–Luna, San Juan, PR, Richard O. Dansoh, Richard O. Dansoh P.A., Miami, FL, for Defendants.

### MEMORANDUM AND ORDER

BESOSA, District Judge.

A district court may refer a pending motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R.Civ.P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Rule 72(d). *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Ramos–Echevarría v. Pichis, Inc.,* 698 F.Supp.2d 262, 264 (D.P.R. 2010); *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). *Borden v. Secretary of H.H.S.,* 836 F.2d 4, 6 (1st Cir.1987). In conducting its review, the court is free to "accept, reject, or modify,

in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1); *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.*, 428 F.Supp.2d 4, 6 (D.P.R.2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 125–126 (D.R.I. 2004)).

On December 10, 2012, the United States magistrate judge issued a thorough Report and Recommendation ("R & R") (Civil No. 10–1078, Docket No. 170), recommending that plaintiff's Motion for Summary Judgment concerning defendant's counterclaim for breach of contract in Civil No. 11–1415, Docket No. 53, be **GRANTED.** The parties had until January 2, 2013 to object to the R & R, but no objection was filed. Therefore, they have waived the right to further review in the district court. *Davet*, 973 F.2d at 30–31.

The Court has made an independent examination of the entire record in this case and **ADOPTS** the magistrate judge's findings and recommendations. Accordingly, plaintiff's Motion for Summary Judgment concerning defendant's counterclaim for breach of contract is **GRANTED.** Defendants' counterclaim for breach of contract is **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

1. Because this report and recommendation concerns a motion in the member case, Case No. 11–1415 (FAB/MEL), all docket citations shall be to that docket, not the docket of Case No. 10–1078 (FAB/MEL), unless otherwise indicated.

# REPORT AND RECOMMENDATION

MARCOS E. LÓPEZ, United States Magistrate Judge.

On February 3, 2010, plaintiff United States Fidelity and Guaranty Company ("plaintiff" or "USF & G") filed a complaint against, *inter alios*, defendants Tatiana Cobián González and José Manuel Cobián Guzmán ("Cobián") ("defendants") for breach of contract and fraudulent conveyance. D.E. 2 in Case No. 10–1078 (FAB/MEL). On September 13, 2010, plaintiff filed an amended complaint. D.E. 27 in Case No. 10–1078 (FAB/MEL). In a separate action, plaintiff filed a complaint against defendants on May 3, 2011, for fraudulent conveyance, and an amended complaint on January 30, 2012. D.E. 1; D.E. 37.[1] These two cases were consolidated on May 18, 2012. D.E. 131 in Case No. 10–1078 (FAB/MEL).

Pending before the court is plaintiff's motion for summary judgment in the latter case (D.E. 53), along with defendants' response in opposition (D.E. 140 in Case No. 10–1078 (FAB/MEL)) and plaintiff's reply (D.E. 144 in Case No. 10–1078 (FAB/MEL)). Plaintiff's motion specifically concerns defendants' counterclaim for breach of contract (D.E. 41). For the reasons set forth below, it is recommended that plaintiff's motion be granted.

## I. SUMMARY OF UNCONTESTED MATERIAL FACTS[2]

■ USF & G issues performance and payment surety bonds to contractors to

2. Local Rule 56 "structures the presentation of proof at summary judgment." *Goya Foods, Inc. v. Orion Distributors, Inc.*, 916 F.Supp.2d 177, 179 (D.P.R.2012). It "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," *CMI Capital Market Inv. v. González–Toro*, 520

secure performance on construction projects. C & A, S. E., ("C & A") and its predecessor Cobián, Agustín & Ramos, S.E., ("CA & R") are general construction contractors. C & A and CA & R have participated in several construction projects, some of which were not completed. Docket No. 37, ¶¶ 6, 7; Docket No. 41, ¶ 1; Docket No. 52, ¶¶ 3, 4.

USF & G issued Performance and Payment Bonds ("the Bonds"), with C & A as the principal, to Río Mar North Zone Development Corporation ("Río Mar"), in connection with C & A's performance of a construction contract. In consideration for USF & G's agreement to issue the Bonds, CA & R, C & A, West Indies Resource Management Corp., CAR Management Corp., Evelio Agustín–López ("Agustín"), and Cobián executed a General Agreement of Indemnity ("GAI") on October 9, 1999. Docket No. 37, ¶ 9; Docket No. 41, ¶ 1; Docket No. 52, ¶¶ 6, 7; Docket No. 53–1, ¶¶ 5, 6.

> In relevant part, the GAI provides that: The UNDERSIGNED will indemnify the SURETY and hold it harmless from and against all liability, losses, costs, damages, attorneys' fees, disbursements and expenses of every nature which the SURETY may sustain or incur by reason of, or relating to, having executed or procured the execution of any such BOND, or that may be sustained or incurred by reason of making any investigation of any matter, or prosecuting or

defending an action in connection with any such BOND, or recovering any salvage or enforcing any provisions of this Agreement. The UNDERSIGNED shall pay to the SURETY all money which the SURETY or its representatives may pay or cause to be paid and shall pay to the SURETY such sum as may be necessary to exonerate and hold it harmless with respect to any liability which may be asserted against the SURETY as soon as liability exists or is asserted against the SURETY, whether or not the SURETY shall have made any payment therefor. In the event of any payment by the SURETY, the UNDERSIGNED further agree that in any accounting between the SURETY and the UNDERSIGNED, the SURETY shall be entitled to charge for any and all disbursements made by in good faith under the belief that it is or was liable for the sums and amounts so disbursed or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed. As used herein, "payments made in good faith" shall be deemed to include any and all payments made by the SURETY except those made with deliberate and willful malfeasance.

Docket No. 37–1, at 2; Docket No. 52, ¶ 8. Furthermore, "[t]he SURETY may settle or compromise any claim, liability, demand, suit or judgment upon any BOND or BONDS executed or procured by it, and any such settlement or compromise shall

---

F.3d 58, 63 (1st Cir.2008), by requiring "a party opposing a motion for summary judgment to accept, deny, or qualify each entry in the movant's statement of material facts paragraph by paragraph and to support any denials, qualifications, or new assertions by particularized citations to the record." *Cabán Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 6–7 (1st Cir.2007). In accordance with Local Rule 56(e), all proposed facts that are properly supported by record evidence

and have not been successfully controverted or qualified by the opposing party have been deemed admitted. In this case, defendants failed to accept, deny, or qualify any entry in plaintiff's statement of material facts in accordance with Local Rule 56(e). Defendants also failed to submit an opposing statement of material facts in accordance with Local Rule 56(c). Thus, facts properly supported by record citations in plaintiff's statement of material facts are deemed admitted.

be binding upon the UNDERSIGNED." Docket No. 37–1, at 2; Docket No. 52, ¶ 9.

USF & G has received claims and demands against the Bonds from, *inter alios,* Río Mar concerning Las Vistas de Río Mar Project. In June of 2004, USF & G hired Cashin Spinnelli & Ferretti, LLC, ("CSF") to investigate Río Mar's and C & A's claims. CSF is a consulting firm with a division specializing in projects where a surety to a construction contract must respond to allegations of default by the bond principal. CSF's initial investigation included an evaluation of Río Mar's claim. After this initial investigation, C & A informed USF & G of its affirmative claim against Río Mar. As a result, USF & G expanded CSF's investigation to include C & A's claim as well. As of July 31, 2004, C & A's claim was not sufficiently supported for inclusion in CSF's preliminary evaluation. CSF requested documentation from C & A to evaluate its claim. C & A never provided documentation for its claim and set-offs against Río Mar. Thus, CSF was unable to incorporate the claim into its claim valuation spreadsheets as of July of 2005. Docket No. 41, ¶ 15; Docket No. 52, ¶¶ 11, 12, 13, 14, 15, 16; Docket No. 53–1, ¶¶ 3, 4, 5, 6, 10, 11, 12, 14.

On August 31, 2005, CSF sent a letter to Agustín of C & A requesting C & A's "affirmative claim with all supporting documentation." A meeting was scheduled for September 20, 2005, for C & A to deliver its documents to CSF. C & A failed to appear at the meeting. Subsequently, CSF requested C & A's claim documentation during a telephone conference. Agustín replied, "I will work on it." Docket No. 52, ¶ 16; Docket No. 53–1, ¶ 14.

In October of 2005, C & A submitted a "Modified Total Cost Claim summary" outlining its claim, which totaled $4,192,028. C & A's claim included the following costs: "extra costs caused by delays due to incomplete and faulty construction documents; interruptions to its work and the necessity to perform out of sequence work; extra coordination and engineering costs; design errors; revised owner requirements; and, cost escalations due to delays." C & A's itemized summary was not supported with sufficient backup documentation for CSF to include the claim in its analysis. Docket No. 52, ¶ 17; Docket No. 53–1, ¶ 15.

CSF met with representatives of C & A in December of 2005, requesting documentation to support C & A's claim. CSF was informed that C & A would not have supporting documentation available until sometime during the following year. Docket No. 52, ¶ 18; Docket No. 53–1, ¶ 17.

USF & G reached a settlement with Río Mar after considering "all available information and documentation regarding the claims of Río Mar and the claims and defenses of C & A." CSF recommended that the settlement sum was a reasonable payment to Río Mar, considering USF & G's monetary risk and C & A's insufficient substantiation of its claim and defenses. USF & G worked with CSF for almost two years and paid CSF approximately $125,000.00 for the investigation and settlement of Río Mar's claims. Docket No. 52, ¶¶ 19, 20; Docket No. 53–1, ¶¶ 22, 23.

## II. LEGAL STANDARD

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Med.,* 976 F.2d 791, 794 (1st Cir.1992). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). " 'A dispute

is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation.'" *Farmers Ins. Exch. v. RNK, Inc.,* 632 F.3d 777, 782 (1st Cir.2011) (quoting *Rodríguez–Rivera v. Federico Trilla Reg'l Hosp.,* 532 F.3d 28, 30 (1st Cir.2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990) (quoting *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 48 (1st Cir.1990)). For issues where the nonmoving party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts" in the record "that demonstrate the existence of an authentic dispute." *McCarthy v. Nw. Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995). The plaintiff need not, however, "rely on *uncontradicted* evidence.... So long as the plaintiff's evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." *Calero–Cerezo v. U.S. Dep't of Justice,* 355 F.3d 6, 19 (1st Cir.2004) (emphasis in original).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990) (citations omitted). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood...." *Greenburg v. P.R. Mar. Shipping Auth.,* 835 F.2d 932, 936 (1st Cir.1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990) (citations omitted).

## III. ANALYSIS

Defendants seek to demonstrate the existence of the following genuine and material issue: whether plaintiff acted in good faith under the terms of the GAI. The heart of defendants' counterclaim is that plaintiff, as indemnitee, did not act in good faith when it entered a settlement agreement with Río Mar, knowing that C & A had a claim against Río Mar. Docket No. 41, ¶ 21. The standard for good faith in the GAI is the absence of "deliberate and willful malfeasance." Docket No. 27–1, ¶ 6.

In support, defendants first assert that "[n]owhere does the Plaintiff even mention that the defense sent a prompt response with a stern admonishment that the GAI does not give the Plaintiff a 'blank check' and essentially issued a cautionary note to the Plaintiff amounting to 'not pay any claims that you cannot in good faith justify.'" Docket No. 140 in Case No. 10–1078 (FAB/MEL), ¶ 3. As an initial matter, defendants themselves have not established the existence of this correspondence under Local Rule 56. "As to issues on which the summary judgment target bears the ultimate burden of proof, she cannot rely on

an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995). Here, because defendants—the counterclaimants—bear the burden of proof with respect to the underlying issue, they must point to a specific fact within the record to support their statements regarding this letter. Defendants' response includes no separate statement of facts as required by Local Rule 56(c) and (e). Nevertheless, plaintiff does indicate in its separate statement of facts that "C & A informed the Surety of its claim against Rio Mar." Docket No. 52, ¶ 14.

Defendants also argue that plaintiff does not "spend one second to explain, justify, or in any fashion attempt to explain that there is a good faith basis to substantiate any actual payments made"; rather, plaintiff "simply mentions 'claims received.' " Docket No. 140 in Case No. 10–1078 (FAB/MEL), ¶ 3. According to the GAI, "[t]he vouchers or other evidence of payments made by the SURETY shall be *prima facie* evidence of the fact and amount of liability of the UNDERSIGNED to the SURETY." Docket No. 27–1, ¶ 9. Under this provision, once the indemnitee has provided such evidence, the burden shifts to the indemnitor to show that liability should not be imposed. "[C]ourts have routinely held that once a surety has submitted the required documentation of payments, the burden under Rule 56 shifts to the principal to prove the existence of a genuine issue of material fact for trial." *U.S. Fid. & Guar. Co. v. Feibus*, 15 F.Supp.2d 579, 587 (M.D.Pa. 1998), *aff'd,* 185 F.3d 864 (3d Cir.1999); *see also Fallon Elec. Co., Inc. v. Cincinnati*

*Ins. Co.*, 121 F.3d 125, 129 (3d Cir.1997); *Centennial Ins. Co. v. Horizon Contracting Co., L.L.C.*, No. 05–3917(KSH), 2008 WL 4791657, at *9 (D.N.J. Oct. 31, 2008); *U.S. Fid. & Guar. Co. v. Bilt–Rite Contractors, Inc.*, CIV.A. 04–1505, 2005 WL 1168374 (E.D.Pa. May 16, 2005). Aside from merely showing documentation of payment (*see* D.E. 53–13), plaintiff is not required to establish "a good faith basis" for such payment. The ultimate burden on the counterclaim rests on defendants' shoulders. It is *defendants,* as counterclaimants, that must establish the absence of good faith on the underlying counterclaim.[3]

■ Here, defendants have provided insufficient evidence to establish a genuine issue of material fact regarding deliberate and willful malfeasance. "[I]mproper motive ... is an essential element of bad faith." *Engbrock v. Fed. Ins. Co.*, 370 F.2d 784, 787 (5th Cir.1967); *see also Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 571 F.3d 1143, 1146 (11th Cir. 2009); *Plaza Athenee, S.E. v. U.S. Fid. & Guar. Co.*, No. 01–2597 (PG/JAF), 2009 WL 2244484, at *2 (D.P.R. July 24, 2009) ("It was [principal]'s burden to demonstrate that USF & G conducted itself with dishonest purpose, improper motive, recklessness, or breach of a known duty through motive or self-interest or ill will in order to overcome summary disposition."). Evidence that a surety was negligent or made an unreasonable decision does not establish an improper motive or constitute bad faith. *See U.S. Fid. & Guar. Co. v. Challenge Const. Corp.*, 704 F.Supp.2d 73, 80 (D.P.R.2009) ("[T]he failure to notify defendants of a payment or a settlement" is not "an act of deliberate or willful malfeasance."); *Fed. Ins. Co. v. McKane*, 312

---

**3.** This is separate from plaintiff's burden as the *movant* to establish that there are no genuine issues of material fact.

Fed.Appx. 351, 352 (2d Cir.2008) (holding expert opinion indicating that party with whom insurer settled to be the party in default, rather than indemnitor, to be insufficient as evidence of deliberate or willful malfeasance); *Fid. & Guar. Ins. Co. v. Constr. Advantage, · Inc.,* 1:08–CV–460–GCM, 2010 WL 726024 (W.D.N.C. Feb. 25, 2010) (holding "lack of communication between FGIC and defendants," "failure to vigorously assert a statute of limitations defense," discrepancy in third party's expert's opinion, defects in third party's "product or system," and "FGIC's motivation to settle to avoid 'bad faith denial of claim' damages" to be insufficient as evidence of improper motive); *Engbrock,* 370 F.2d at 787 ("[N]either lack of diligence nor negligence is the equivalent of bad faith...."); *Polselli v. Nationwide Mut. Fire Ins. Co.,* 23 F.3d 747, 751 (3d Cir. 1994). Defendants articulate no evidence demonstrating improper motive. Defendants only point to their notification of their claim against Río Mar and plaintiff's subsequent settlement with Río Mar. It is an uncontested fact that CSF requested documentation from C & A, but never received sufficient backup documentation. Docket No. 52, ¶¶ 15, 17. This case is far from a failure to notify defendants, a lack of communication, or a failure to assert a claim, as in the cases cited above where the surety was nonetheless found not to have acted in bad faith. Here, it is uncontested that plaintiff attempted to communicate with defendants, received inadequate evidence, and relied in part on the research and recommendations of a third-party consulting firm. The "deliberate and willful malfeasance" provision in the GAI is a grant to the surety of "the right to finally, conclusively, and unconditionally bind defendants by paying claims." *Challenge Const. Corp.,* 704 F.Supp.2d at 80. There is no material fact in this case—contested or not—showing that plaintiff

used its "high degree of discretion" in bad faith. *Id.*

## IV. CONCLUSION

Based on the foregoing analysis, it is recommended that plaintiff's motion for summary judgment (D.E. 53 in Case No. 11–1415 (FAB/MEL)) be **GRANTED** and that defendants' counterclaim be **DISMISSED WITH PREJUDICE.**

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this report and recommendation. Fed.R.Civ.P. 72(b)(2); Fed.R.Civ.P. 6(c)(1)(B); Local Rule 72(d); *see also* 28 U.S.C. § 636(b)(1); *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–51 (1st Cir.1994); *United States v. Valencia,* 792 F.2d 4 (1st Cir.1986).

**IT IS SO RECOMMENDED.**